Filed 11/30/20  P. v. Macias CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B306022 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA110524) |
| v. | |
| FLAVIO MACIAS, JR., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Bruce F. Marrs, Judge.  Affirmed with direction.

Kathy R. Moreno, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Kathy S. Pomerantz, Deputy Attorneys General, for Plaintiff and Respondent.

_____

A jury found Flavio Macias, Jr., guilty of first degree murder. He appealed the judgment of conviction, and we remanded for resentencing under Senate Bill No. 1393. On remand, the trial court declined to strike a five-year prior. Macias appeals again, this time contending that the trial court abused its discretion by refusing to strike the five-year prior. We disagree.

## BACKGROUND[1]

In 2015, Maria Camargo and her husband Luis Segura lived next door to Flavio Macias and his brother. Late on the night of August 23, 2015, Camargo heard the Macias family dog barking. She then heard a wail and a brick falling. The dog stopped barking. Not long thereafter, Macias knocked on Camargo and Segura's door. When they answered, Macias said he did not want anything and left. The next day, Macias, with his brother acting as a lookout, beat Segura with a cement paver and hammer, killing Segura. Law enforcement found the dog's body in a spa. The dog had been stabbed and had suffered blunt force trauma.

A jury found Macias guilty of first degree murder (Pen. Code,[2] § 187, subd. (a)) and found true the allegation he used a deadly and dangerous weapon (§ 12022, subd. (b)(1)). The jury acquitted Macias of cruelty to an animal. On July 5, 2018, the

---

[1] The background is from *People v. Macias* (Sept. 23, 2019, B291144) [nonpub. opn.]. We take judicial notice of that opinion. (Evid. Code, § 451, subd. (a).)

[2] All further undesignated statutory references are to the Penal Code.

trial court sentenced Macias to 25 years to life, doubled under the "Three Strikes" law to 50 years to life. The trial court also imposed a five-year term (§ 667, subd. (a)(1)), a one-year term (§ 12022, subd. (b)(1)), and 2 one-year priors (§ 667.5, subd. (b)).

Thereafter, Senate Bill No. 1393 went into effect on January 1, 2019. (Sen. Bill No. 1393 (2017–2018 Reg. Sess.).) That bill amended sections 667, subdivision (a), and 1385, subdivision (b), to allow a court to exercise its discretion to strike or to dismiss a serious-felony prior for sentencing purposes. (Stats. 2018, ch. 1013, §§ 1–2.)

Macias appealed. Based on Senate Bill No. 1393, we remanded the matter for resentencing but otherwise affirmed the judgment of conviction. (*People v. Macias*, *supra*, B291144.)

At the resentencing hearing on March 11, 2020, Macias's counsel asked the trial court to strike the five-year prior because there was evidence Macias's drug use played a role in the crime. The trial court noted that the murder involved "an extremely brutal situation" in which Segura had been killed with a hammer and concrete blocks, notwithstanding that Segura and Macias had a neighborly relationship. Further, a dog had been killed. The trial court said, "I won't say there's no way I would have stricken the 5-year prior, but it's extremely remote that I would have at the time. The prior was a crime of violence. So I'm going to decline to exercise discretion under the circumstances of this particular case."[3] When Macias's counsel pointed out that his client had been acquitted of animal cruelty, the trial court said, "But the animal was there, was dead, was beaten up with the

_____

[3] Macias's prior strike was for corporal injury to a spouse with infliction of great bodily injury (§§ 273.5, subd. (a), 12022.7).

same type of situation that the victim was, which suggested circumstantial [*sic*].  It's a factor I can take into consideration for sentencing purposes."  Although the trial court declined to strike the five-year prior, it struck the one-year prison priors because those could no longer be imposed under Senate Bill No. 136.[4]  Macias's sentence therefore was 50 years to life plus a determinate term of six years.[5]

## DISCUSSION

We review the trial court's decision not to strike the five-year prior for an abuse of discretion.  (See *People v. Carmony* (2004) 33 Cal.4th 367, 371, 375.)  Here, Macias contends that the trial court abused its discretion for two reasons.  First, the trial court merely rubberstamped its earlier sentence.  Second, the trial court considered an impermissible factor.

Macias's first argument is based on the trial court's statement it would not have struck the five-year prior at the

---

[4] That bill amended section 667.5, subdivision (b) to apply where the prior prison term was served for a sexually violent offense as defined in Welfare and Institutions Code section 6600, subdivision (b).

[5] The minute order from the sentencing hearing mistakenly states that the trial court struck 3 one-year priors; however, the jury only found true two.  The minute order also mistakenly states that the total sentence was 55 years to life, when it should be 50 years to life plus six years.  The abstract of judgment also does not reflect the one year imposed for the weapon enhancement, incorrectly states that the total term is 55 years to life, and incorrectly states that the resentencing happened on July 5, 2018 rather than March 11, 2020.  Accordingly, we order the minute order and abstract of judgment to be corrected.

4

original sentencing hearing if it had the discretion to do so then. From this, Macias speculates that the trial court did not consider his postsentencing conduct. Even if the trial court may consider such conduct (see *People v. Warren* (1986) 179 Cal.App.3d 676, 689–690), the trial court's lone statement fails to establish that it did not do so. Rather, the trial court was merely commenting that given the brutality of the murder, it would not have struck the five-year prior even if it could have. This was entirely proper. A resentencing court may consider the same factors it considered when issuing the original sentence. (*People v. Pearson* (2019) 38 Cal.App.5th 112, 117.) Those factors include that the crime involved great violence or other acts disclosing a high degree of cruelty, viciousness, or callousness. (Cal. Rules of Court, rule 4.421(a)(1); *Pearson*, at p. 117.) In any event, Macias does not specify what postsentencing conduct the trial court failed to consider.

Second, Macias contends that the trial court abused its discretion by considering the dog's killing. In exercising its sentencing discretion, a trial court may consider counts on which a defendant has been acquitted so long as it finds that the evidence established such conduct by a preponderance of the evidence. (*In re Coley* (2012) 55 Cal.4th 524, 557.) Macias, however, points out that *People v. Towne* (2008) 44 Cal.4th 63, 88 states that a trial court may consider only counts on which a defendant is acquitted that are "part of a single series of events and involved a single victim." *Towne* made that statement in the context of distinguishing another case, *People v. Richards* (1976) 17 Cal.3d 614. The defendant in *Richards* was acquitted of one count of grand theft but convicted on a second. The count on which he was acquitted was a separate transaction involving a

5

different victim. *Richards*, at pages 620 to 622, held that it was improper to order restitution to the victim of the acquitted count as a condition of probation because the order was not designed to achieve the proper goal of making the actual victim whole. *Towne*, at page 88, thus distinguished *Richards* because *Towne* involved a single series of events involving a single victim. *Towne*, however, did not state that this distinction constituted a wholesale limitation on the underlying principle that counts on which a defendant has been acquitted may be considered for sentencing purposes.

In any event, we will set aside a sentence only if it is reasonably probable that the trial court would have chosen a lesser sentence had it known some of its reasons for imposing the sentence were improper. (*People v. Price* (1991) 1 Cal.4th 324, 492.) As we have said, the trial court cited a compelling reason for refusing to strike the five-year prior: the extreme brutality of the murder of a person with whom Macias had a neighborly relationship. Moreover, substantial evidence supports the trial court's finding that there was a connection between the dog's murder and Segura's murder. (See generally *People v. Buford* (2016) 4 Cal.App.5th 886, 901 [substantial evidence must support preponderance of evidence finding].) The night before Macias killed Segura, Camargo heard a dog barking, a wail, and then a brick falling. The dog stopped barking. Just minutes later, Macias knocked on Segura's door. The next day, Macias used a brick or heavy planter to kill Segura. The dog had similarly suffered blunt force trauma. The dog and Segura therefore suffered similar injuries, inflicted, the evidence shows, with a similar instrument.

**DISPOSITION**

The judgment is affirmed with the direction to the trial court to amend the March 11, 2020 minute order and abstract of judgment to reflect the total term of 50 years to life plus six years and to further amend the abstract of judgment to reflect the one year imposed for the weapon enhancement and the resentencing hearing was on March 11, 2020. The trial court shall forward the amended abstract of judgment to the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED.

DHANIDINA, J.

We concur:

LAVIN, Acting P. J.

EGERTON, J.

7