Filed 3/18/21  P. v. Brown CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>JOHN CHRISTOPHER BROWN,<br><br>　　　Defendant and Appellant. | B306915<br><br>(Los Angeles County<br>Super. Ct. No. MA065269) |

　　　APPEAL from an order of the Superior Court of Los Angeles County, Shannon Knight, Judge.  Affirmed.

　　　Thomas T. Ono, under appointment by the Court of Appeal, for Defendant and Appellant.

　　　Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Paul M. Roadmarel, Jr., and Stephanie A. Miyoshi, Deputy Attorneys General, for Plaintiff and Respondent.

_____

In John Christopher Brown's direct appeal of his convictions for first degree murder and willful, deliberate, and premeditated attempted murder, we affirmed the convictions and remanded the matter for the trial court to determine whether to strike any enhancements imposed under Penal Code sections 667, subdivision (a)(1) and 12022.53, pursuant to newly-enacted statutory provisions allowing courts to strike such enhancements. (*People v. Ballard* (Feb. 26, 2019, B282339) [nonpub. opn.], pp. 27-28, 30.)[1] Brown now appeals from the order entered after a hearing upon remand, at which a judge who did not preside at trial declined to exercise the court's discretion to strike any enhancements. Brown contends we must remand the matter for a new sentencing hearing, arguing (1) he was entitled to a hearing before the same judge who presided at trial, and (2) the court did not exercise informed discretion because it relied on "misinformation" about the facts and circumstances of his case. We reject Brown's arguments and affirm.

## BACKGROUND

**I.    Trial and Verdicts**

The following facts regarding the murder and attempted murder are quoted from our opinion in Brown's direct appeal of his convictions. (*People v. Ballard*, *supra*, B282339.) Brown was nearly 35 years old at the time he committed the current offenses.

Brown's codefendant "Ballard was at one time in a romantic relationship with Faviana Richardson [the attempted murder victim], who by January 2015 was engaged to Johnny

---

[1] Brown was tried with his codefendant, William Lamar Ballard.

2

Jones [the murder victim]. In January 2015, Ballard posted negative comments about Richardson on social media.

"On the evening of January 17, 2015, Richardson and several friends went to the home of Ballard's current girlfriend, Toni Cook, and demanded to see Ballard, who was asleep in a back room. Cassie Jones (no relation to the [murder] victim) and Shakira W. answered the door and said Ballard was not home. After Richardson left, Jones informed Ballard about the confrontation, and he telephoned [appellant] Brown and asked him to come to Cook's house.

"Later that evening Ballard attended a neighborhood barbeque event. Richardson and her group arrived and she and Ballard argued, and at one point Ballard told her, 'Fuck you. I'll get you popped. I'll kill you.'

"Richardson left the event but later returned and again argued with Ballard, who again said, 'I'll kill you.'

"Ballard left the event and walked back to Cook's residence, where Brown arrived a short time later. Ballard and Brown then returned to the barbeque, where they confronted Richardson.

"With Brown standing next to Ballard and Johnny Jones behind Richardson, Ballard and Brown called Richardson 'bitch' several times, to which Jones strongly objected. As he and Ballard prepared to fight, Ballard passed a revolver to Brown and said, 'Kill that bitch.'

"Brown fired a shot at Richardson just as Johnny Jones pushed her out of the way. The bullet struck Jones, killing him." (*People v. Ballard*, *supra*, B282339, pp. 2-3.)

"The jury found Ballard and Brown guilty of first degree murder and willful, deliberate and premeditated attempted murder (Pen. Code, §§ 187, subd. (a), 664, subd. (a)), and found

3

firearm enhancements to be true.  (Pen. Code, §§ 12022, subd. (a)(1), 12022.53, subds. (b)-(d).)[2]" (*People v. Ballard*, *supra*, B282339, p. 5.)

## II.    Sentencing Hearing and Direct Appeal

At the sentencing hearing on April 27, 2017, the trial court (Judge Frank M. Tavelman) found true the special allegations that Brown had a prior serious felony robbery conviction within the meaning of section 667, subdivision (a)(1) and the "Three Strikes" law (§§ 667, subds. (b)-(j), 1170.12).  The court sentenced Brown to 114 years to life in prison:  for the first degree murder, 25 years to life, doubled to 50 years to life for the second strike, plus 25 years to life for the firearm enhancement under section 12022.53, subdivision (d) (personal and intentional discharge of a firearm proximately causing great bodily injury or death), and five years for the prior serious felony enhancement under section 667, subdivision (a)(1); and for the willful, deliberate, and premeditated attempted murder, seven years to life, doubled to 14 years to life for the second strike, plus 20 years for the firearm enhancement under section 12022.53, subdivision (c) (personal and intentional discharge of a firearm).

Defense counsel objected to the trial court's imposition of the firearm enhancement on the attempted murder count "on the basis . . . it constitutes double punishment for one act, that there should only be one armed for use allegation for the case since it was one act that was also in two charges."  The court responded: "I understand your argument; however, the law is that each victim is a separate act for which the weapon allegation can be imposed, which it is in this particular case."

"2 All further statutory references are to the Penal Code unless otherwise indicated."

4

The trial court imposed a $10,000 restitution fine under section 1202.4, subdivision (b), "based upon the nature of the offense and the severity of it," noting it could have imposed a $20,000 restitution fine, $10,000 for each count.[3]

Brown (and Ballard) appealed, challenging the sufficiency of the evidence supporting the convictions and raising various errors not germane to this appeal. (*People v. Ballard*, *supra*, B282339, p. 2.) Brown also contended he was entitled to a new sentencing hearing in light of Senate Bill No. 620 (Stats. 2017, ch. 682, § 2), which amended section 12022.53, effective January 1, 2018, to give trial courts discretion to strike certain firearm enhancements, and Senate Bill No. 1393 (Stats. 2018, ch. 1013, §§ 1-2), which amended section 1385, effective January 1, 2019, to give trial courts discretion to strike prior serious felony enhancements. (*Ballard*, at pp. 27-28.) We affirmed the convictions and remanded the matter to allow the trial court an opportunity to exercise discretion it did not have at the time it sentenced Brown, and to determine whether to strike any enhancements imposed under sections 667, subdivision (a)(1) and 12022.53. (*Ballard*, at pp. 28, 30.)

### III. Hearing Upon Remand

Upon remand, the matter was assigned by case number matrix to a different judge because Judge Tavelman, the trial judge, was no longer sitting in the North District where the

---

[3] We include these facts regarding the restitution fine because, as discussed below, Brown indicates these facts demonstrate the trial judge showed him leniency and would have been more likely to strike enhancements than the judge who heard his case upon remand and declined to strike any enhancements.

5

matter was tried. The prosecution filed a Code of Civil Procedure section 170.6 peremptory challenge against the new judge, and the matter was reassigned by case number matrix to another judge. The defense then filed a peremptory challenge against the new judge, and the matter was reassigned by case number matrix to Judge Shannon Knight.

At the hearing before Judge Knight on July 17, 2020, the following exchange occurred between the court and defense counsel:

"The court has read and considered the probation report as well as the Court of Appeal opinion and the remittitur, and at this time we are here for the court to decide whether it would be appropriate since the law has changed to give the court discretion to strike the five-year serious felony prior as well as the firearm enhancements -- or the firearm enhancement, I should say, as to each count.

"Did you wish to be heard here, [defense counsel]?

"[Defense counsel]: I did, Your Honor. It sounds like the court is ready to rule, and I'm surprised because the court -- the court knows the broad outlines of the case but not the particularities of the case, and I would be surprised that the court can exercise discretion on such a weighty issue without knowing the finer points of the case.

"The Court: All right. If you'd like to enlighten me as to anything, feel free to do so; but as I said, the court did review the relevant materials.

"It is often the case that we do get cases returned to us and the trial court, the trial judge, is no longer assigned to the district so it is not at all uncommon to have to make these decisions not

6

having heard all of the evidence in the trial but relying on the information that we have in the court file.

"[Defense counsel]: May I inquire, has the court read a transcript?

"The Court: No, I have not read a transcript.

"[Defense counsel]: So I will object to the court proceeding based on lack of preparation and submit.

"The Court: All right. The court does feel that the court has sufficient information about the facts of the case as well as the factors pertaining to the defendant to be able to proceed. If there was anything, [defense counsel], that you feel in particular that needs to be brought to the court's attention that was not part of the Court of Appeal recitation of the facts and the trial proceedings as well as the probation report, I'll certainly hear from you.

"[Defense counsel]: Okay. Having made my objection, what I would -- what I wanted to say both to the prior bench officer and presently now is that the court has several places to go in the exercise of its discretion. The court can resentence Mr. Brown to 25 years to life on the gun use or the court can impose the lesser 20 year or 10 year or not impose the time on the allegation at all.

"What I want [to] urge the court to do is not impose the 25 years to life. It's redundant and sort of pointless. He's got a life term now. The idea of serving two life terms, one being consecutive to the other, doesn't make sense and to me feels somewhat -- and I don't mean this personally, but it feels dishonest.

"I would argue that what's appropriate here is the exercise of discretion that would leave -- that would have the court impose

something less than 25 to life.  Simply because the fact that the Legislature has gone from no discretion to granting the court the exercise of discretion suggests that even the Legislature thinks that 25 to life in this situation as an allegation can be too much.

"So I'd ask the court to think about the logic of imposing another 25 to life and urge the court to impose one of the lesser, 20, 10 years -- I'd ask the court to not impose at all.  If the court feels it must impose, to start at ten years and justify going up to itself and to the record to the point where the court finally goes.

"The other issue that is before the court -- and I don't know if the court wants to hear from this now or separately -- the five-year prior.

"The Court:  Go ahead.

"[Defense counsel]:  My client is hit with that same prior conviction twice here.  He's sentenced as a strike and as a five-year prior.  I know that the bench before was a prosecutor; but on the defense side, that has always been an outrageous double charging of defendants in our view.

"He's been punished significantly by having that prior and having everything doubled.  To add an extra 5 years -- again, on top of what is 50 years to life for the main charge and would be 75 to life if the court imposes the full gun allegation -- and make it 80 to life, just seems sort of pointless, and I'd ask the court to exercise that bit of discretion just to save time.

"I would also note that at the time that this occurred, my client -- I haven't been able to get into the facts of that prior case [the serious felony/strike conviction for robbery], but I do note my client was on probation.  That tells me there was something very soft in that case.

"And submit it."

After hearing from the prosecutor, who urged the court not to strike any of the enhancements, the court ruled as follows:

"The court notes that the crimes involved in this case involved a high degree of callousness. This was a cold, calculated act on the part of Mr. Brown and his co-defendant. Really it seems like primarily the co-defendant was the party who would have been more emotionally involved in the situation. Mr. Brown seems to simply have acted out of pure callousness and a desire to kill one or more of these individuals.

"And although it appears that the primary target, her life was spared, in the process, Mr. Brown -- it was not for lack of trying by Mr. Brown, it appears that the second victim lost his life in an effort to protect the original intended victim. And this was extraordinarily violent, extraordinarily callous and calculated on the part of Mr. Brown.

"The court also notes that Mr. Brown has a very lengthy criminal history including multiple felony convictions. He has a history going back actually to -- looks like age 14 is when his criminal history began, and since then, it has been rather consistent. Going back from 1994 through the conviction in this case, I don't see any significant break in the time between criminal cases, criminal activity. And he was on probation. It looks like the grant of probation in the robbery case was January 7 of 2014, and the current offense -- offenses in this case were January 17 of 2015 so barely a year has he been on formal probation for robbery.

"So with all that, while the court certainly does recognize that there may be times when it is appropriate to strike the firearm enhancement and it may be appropriate to strike the five-year serious felony enhancement, the court does not believe

9

that it would be in the interest of justice to do so in this case as to any of these counts or allegations and the court does not believe that it would be appropriate.

"The court believes that the sentence that was imposed by Judge Tavelman remains the appropriate sentence, even in the presence of the newly authorized discretion to strike the enhancement and the prior, so the court declines to do so.

"And with that, no change in sentence is required so nothing changes with regard to the sentence at this time."

## DISCUSSION

Brown contends we must remand the matter for a new sentencing hearing, arguing (1) he was entitled to a hearing before the judge who presided at trial, and (2) the court did not exercise informed discretion because it relied on "misinformation" about the facts and circumstances of his case. As explained below, we reject his arguments.

### I. Brown's Claim He Was Entitled to a Hearing Before the Trial Judge is Forfeited and Without Merit

At the July 17, 2020 hearing upon remand, Brown objected to Judge Knight proceeding based on her purported "lack of preparation" in not reading the reporter's transcripts of the proceedings. He never asserted he was entitled to a hearing before the trial judge. Thus, Brown forfeited this contention on appeal. (*People v. Brooks* (2020) 53 Cal.App.5th 919, 924-925 (*Brooks*) [by failing to raise the issue below, defendant forfeited the contention he was entitled to a hearing before the trial/original sentencing judge upon remand for determination whether to strike a prior serious felony enhancement under the court's new statutory discretion].) Even if Brown had preserved this contention for review, we have already considered the issue

10

and held, in a published opinion, that a defendant is not entitled to a hearing before the trial/original sentencing judge when the Court of Appeal remands the matter for a determination whether to strike an enhancement under the court's new statutory discretion. (*Id.* at pp. 924-926.)

As we explained in *Brooks*, "the hearing on remand was not a resentencing," and "we are aware of no authority creating an entitlement to have the same judge that [presided at trial and] sentenced a defendant hear a motion to strike enhancements if a case is remanded for that purpose." (*Brooks*, *supra*, 53 Cal.App.5th at p. 925.) Brown has cited no such authority here. His reliance on *People v. Arbuckle* (1978) 22 Cal.3d 749 is misplaced. There, our Supreme Court concluded, "[a]s a general principal, . . . whenever a judge accepts a plea bargain and retains sentencing discretion under the agreement, an implied term of the bargain is that sentence will be imposed by that judge." (*Id.* at pp. 756-757.) As we concluded in *Brooks*, "[r]emand here did not involve the considerations present in *Arbuckle*" concerning guilty pleas. (*Brooks*, at p. 926.)

Brown has expressed on appeal a preference for the trial judge to determine whether to strike an enhancement because he believes the trial judge would be more lenient than Judge Knight. He cites as an example the trial judge's decision to impose a $10,000 restitution fine rather than a $20,000 restitution fine. While a defendant may prefer to have the trial judge determine upon remand whether to strike an enhancement—a preference Brown did not express below—there are "countervailing considerations. A trial judge's reassignment within a large county's superior court, for example, may leave a trial judge in a facility with no temporary detention capacity. Judges may be

11

*technically* available, then, to handle motions on remand, but not *practically* available." (*Brooks*, *supra*, 53 Cal.App.5th at p. 926.)

For all these reasons, as we explained in *Brooks*, "we decline to create the rule [Brown] has requested of us here." (*Brooks*, *supra*, 53 Cal.App.5th at p. 926.) We reject his contention he was entitled to hearing before the trial judge upon remand.

## II. The Court Did Not Abuse Its Discretion in Declining to Strike an Enhancement

" ' "A court's discretionary decision to dismiss or to strike a sentencing allegation under section 1385 is" reviewable for abuse of discretion.' [Citation.] 'In reviewing for abuse of discretion, we are guided by two fundamental precepts. First, " '[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review.' " [Citations.] Second, a " 'decision will not be reversed merely because reasonable people might disagree. "An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge." ' " [Citations.] Taken together, these precepts establish that a trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it.' " (*People v. Pearson* (2019) 38 Cal.App.5th 112, 116.)

Brown contends the court "failed to exercise its informed discretion due to misinformation," in declining to strike an

enhancement. As explained below, the record does not support this contention.

Brown faults the court for not reading the reporter's transcripts of the proceedings before declining to strike an enhancement. As set forth above, the court gave Brown ample opportunity to provide the court with information he believed was not included in the documents the court reviewed, and Brown disclosed no such information.

Brown challenges the court's reasons for declining to strike an enhancement. He argues the court was somehow misinformed when it found his offenses "involved a high degree of callousness" and his conduct "was extraordinarily violent, extraordinarily callous and calculated." During a verbal altercation with Ballard's ex-girlfriend, Faviana Richardson, Ballard handed Brown a revolver and said, "Kill that bitch." (*People v. Ballard*, *supra*, B282339, p. 3.) Brown fired a shot with the intent to kill Richardson, but he shot and killed Richardson's fiancé instead. Based on these facts and circumstances of the murder and attempted murder—which Brown does not dispute on appeal—we reject Brown's assertion there was an insufficient "factual basis for the court's repeated use of 'callousness' to describe his culpable conduct herein." He points out he "did not bring the gun to the barbecue and that he fired [only] one shot." We disagree with his assertion that these facts "undermine" the court's findings regarding the violent, callous, and calculated nature of his conduct. We also disagree with his characterization of the court's findings as "hyperbolic."

Brown also argues the court should not have relied on his lengthy criminal history in declining to strike an enhancement because he "had already been repeatedly punished specifically for

13

his lengthy criminal record" in that the term imposed for each offense was doubled under the Three Strikes law. Brown cites no authority supporting this argument, and we are aware of none. The court did not abuse its discretion in citing Brown's 20-year criminal history as a reason it declined to strike an enhancement.

In his reply brief on appeal, Brown asserts: "Possibly due to the recency of SB 620 and SB 1393, the court may not have been fully informed on the nature and scope of its discretion in resentencing appellant under the amended statutes." The court's comments about the nature and scope of its discretion, as quoted above, belie Brown's assertion. Moreover, Brown pointed out to the court that it had discretion to strike the 25-year firearm enhancement and impose a 10-year or 20-year firearm enhancement, based on the jury's true findings on the various firearm enhancements.

Nothing in the record before us demonstrates error. Based on the facts and circumstances of the case and Brown's lengthy criminal history, the court found it was not in the interests of justice to strike any enhancement, and the court concluded the sentence originally imposed was the appropriate sentence. The court did not abuse its discretion.

**DISPOSITION**

The order is affirmed.

NOT TO BE PUBLISHED

CHANEY, J.

We concur:

ROTHSCHILD, P. J.

BENDIX, J.

15