Filed 7/23/21  P. v. Vezina CA1/5
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>DANIEL FLOYD VEZINA,<br><br>        Defendant and Appellant. | A159359<br><br><br>(San Mateo County<br>Super. Ct. No. SF397785A) |

In this appeal from a resentencing proceeding, Daniel Floyd Vezina contends the trial court erred by declining to strike a 20-year firearm enhancement (Pen. Code, § 12022.53, subd. (c)).[1]  We disagree and affirm.

## BACKGROUND

In 2015, 16-year-old James C. was driving along Highway 1 near Half Moon Bay.  His older brother, Russell, was in the passenger seat.  Vezina

---

[1] Undesignated statutory references are to the Penal Code.  We incorporate by reference our unpublished opinion in Vezina's prior appeal, *People v. Vezina* (Aug. 16, 2017, A148691), reciting only those facts necessary to resolve the issue presented in this appeal.  By separate order filed this date, we deny Vezina's petition for writ of habeas corpus (case No. A160274).

1

followed their car into a highway turnout, pointed a rifle at Russell, and fired it. The bullet "whizz[ed]" by Russell's head.

At the conclusion of a bench trial, the court found Vezina guilty of the attempted murder of Russell (§§ 187, subd. (a), 664) and found true an allegation that Vezina personally and intentionally discharged a firearm in the commission of that offense (§ 12022.53, subd. (c)). On the attempted murder charge, the court found "Vezina got out of his [car] in the turnout, went to his trunk, opened it, took out the rifle, placed it on the open trunk lid, used the sights, and fired in Russell's direction. The court found Vezina intended to kill Russell. Missing the target was explained by intoxication, the moveable shooting platform, and the moving target."

The court also found Vezina guilty of assault with a semiautomatic firearm on Russell (§ 245, subd. (b)) and found true an allegation that Vezina personally used a firearm in the commission of the offense (§ 12022.5, subd. (a)). Finally, the court found Vezina guilty of grossly negligent discharge of a firearm (§ 246.3, subd. (a)) and two misdemeanor counts of driving under the influence of alcohol (Veh. Code, § 23152, subds. (a), (b)).

In 2016, the court sentenced Vezina to 25 years in state prison, comprised of the low term of five years on the attempted murder conviction plus a mandatory consecutive 20-year term for personally and intentionally discharging a firearm during the attempted murder (§ 12022.53, subd. (c)). It imposed and stayed sentence on certain other convictions, including the assault with a firearm conviction and the corresponding firearm enhancement (§ 12022.5, subd. (a)).

## A.

Vezina appealed. He challenged the sufficiency of the evidence supporting the attempted murder conviction. We affirmed. (*People v. Vezina*,

2

*supra*, A148691.)  Later, the California Supreme Court remanded the case to the trial court for resentencing in light of Senate Bill No. 620 (2017–2018 Reg. Sess.), which amended sections 12022.5 and 12022.53 to give trial courts discretion to strike firearm enhancements imposed under those sections in the interest of justice.

**B.**

When the case returned to the trial court, Vezina moved to represent himself (*Faretta v. California* (1975) 422 U.S. 806) and the court granted his request.  Vezina asked the court to strike the firearm enhancements because he had no prior criminal record and had demonstrated "above average" behavior in prison.  He also claimed the 20-year enhancement was "excessive," particularly when attached to a crime he "did not commit."

The prosecution urged the court to leave the 25-year prison sentence intact.  It highlighted the numerous factors in aggravation, including Vezina's dangerous, callous behavior.  The prosecution argued Vezina was a "dangerous and violent person" who committed "a random and unpredictable act of violence.  He has expressed no remorse or regret, repeatedly denying culpability.  This court can have no confidence that [Vezina] would not be a danger to the community should he be released sooner than the 25 years previously imposed. . . .  [¶]  He should be sentenced in accordance with the most severe penalty permissible to the court."

The court denied Vezina's request to strike the firearm enhancements. It began by reciting the relevant sentencing criteria enumerated in California Rules of Court, rules 4.410, 4.421, and 4.423.  Then it noted the circumstances in aggravation:  that Vezina "acted callously" by shooting at "the victim with an intent to kill" and that he failed "to express any regret or remorse."  It described Vezina's behavior—training his loaded rifle and firing

3

"on an unsuspecting young man for no discernable reason"—as "reprehensible." Next, the court found the victim was unarmed and vulnerable. Balanced against these aggravating factors, the court found one mitigating factor: that Vezina had no prior record. The court concluded that "in light of the nature and circumstances of the conduct at issue, all of the factors in aggravation and particulars of [Vezina's] background," striking the section 12022.53, subdivision (c) enhancement was not "appropriate."

The court sentenced Vezina to 25 years in state prison.

## DISCUSSION

Vezina's sole claim on appeal is that the court abused its discretion by declining to strike the section 12022.53 firearm enhancement. We are not persuaded.

As relevant here, Senate Bill No. 620 added section 12022.53, subdivision (h), giving trial courts "discretion 'in the interest of justice pursuant to Section 1385 and at the time of sentencing, [to] strike or dismiss an enhancement otherwise required to be imposed by this section.' " (*People v. Pearson* (2019) 38 Cal.App.5th 112, 116.) The factors "the trial court must consider when determining whether to strike a firearm enhancement under section 12022.53, subdivision (h) are the same factors the trial court must consider when handing down a sentence in the first instance," including whether " '[t]he crime involved great violence . . . threat of great bodily harm, or other acts disclosing a high degree of cruelty, viciousness, or callousness' " and whether " '[t]he defendant has engaged in violent conduct that indicates a serious danger to society.' " (*Id.* at p. 117.)

We review a trial court's decision not to strike a firearm enhancement under section 12022.53, subdivision (h) for abuse of discretion. (*People v. Pearson*, *supra*, 38 Cal.App.5th at p. 118.) The party challenging the

4

sentence has the burden of showing the court's decision was " ' "irrational or arbitrary." ' " (*People v. Carmony* (2004) 33 Cal.4th 367, 376.) We will not reverse " ' "merely because reasonable people might disagree" ' " with the decision. (*Id.* at p. 377.)

Vezina has not satisfied his burden. As Vezina acknowledges, the court carefully considered the relevant factors, including the numerous aggravating factors and the lone mitigating factor. His claim that the enhancement is "unduly harsh" and "out of balance" with the purpose behind section 12022.53 does not demonstrate an abuse of the court's discretion. (*People v. Pearson, supra,* 38 Cal.App.5th at p. 118 [in denying motion to strike section 12022.53 enhancement, trial court considered required factors; its decision "was squarely within the bounds of [its] discretion"]; *People v. Flores* (2021) 63 Cal.App.5th 368, 376–377 [upholding imposition of section 12022.53 enhancement; trial court correctly focused on the seriousness of the injury, the degree of callousness the defendant exhibited, and the danger he posed to society].)

## DISPOSITION

The judgment is affirmed.

_____

Rodriguez, J.*

WE CONCUR:


_____

Needham, Acting P. J.


_____

Burns, J.

A159359

---

* Judge of the Superior Court of Alameda County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.