Filed 7/27/21  P. v. Palmer CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>SAMUEL DWAYNE PALMER,<br><br>Defendant and Appellant. | 2d Crim. No. B308952<br>(Super. Ct. No. MA071018)<br>(Los Angeles County) |

Appellant Samuel Dwayne Palmer was convicted of attempted willful, deliberate and premeditated murder (Pen. Code,[1] §§ 187, subd. (a), 664), shooting at an inhabited dwelling (§ 246), being a felon in possession of a firearm (§ 29800, subd. (a)(1)), and unlawful possession of ammunition (§ 30305, subd. (a)(1)).  The jury found true an allegation that appellant personally discharged a firearm in committing the attempted

---

[1] Unless otherwise noted, all statutory references are to the Penal Code.

murder (§ 12022.53, subds. (b), (c)), and he admitted having a prior serious felony conviction that also qualified as a strike (§§ 667, subds. (a)(1), (b)-(j), 1170.12, subds. (a)-(d)).  The trial court sentenced him to an aggregate term of 14 years to life plus 25 years in state prison, which includes a five-year prior serious felony enhancement pursuant to section 667, subdivision (a)(1).

In appellant's prior appeal from the judgment, we remanded for the trial court to decide whether to exercise its discretion to strike the five-year prior serious felony enhancement in the interests of justice pursuant to Senate Bill No. 1393, which went into effect on January 1, 2019.  (*People v. Palmer* (Sept. 25, 2019, B289617 [nonpub. opn.].)  Following a hearing on remand, the trial court declined to exercise its discretion to strike the enhancement.  Appellant contends the court's ruling amounts to an abuse of discretion.  We affirm.

## STATEMENT OF FACTS[2]

On the night of April 14, 2017, Gregory Robinson's family held a going away party for him at the Palmdale home of his girlfriend Andrea Burton.  Appellant, a member of the Harlem Crip Rolling 30's gang, came to the party uninvited along with his adult son Samuaje.  Appellant was in the front yard drinking alcohol when his girlfriend Moneak Johnson arrived.  As soon as Johnson entered the front yard, appellant began hitting her in the face and chest.

Burton asked appellant to leave but he refused.  Appellant continued to hit Johnson and eventually knocked her to the

---

[2] We reiterate verbatim the facts set forth in our prior unpublished opinion, of which we take judicial notice.  (Evid. Code, §§ 452, subd. (a), 459, subd. (a); Cal. Rules of Court, rule 8.1115(b).)

ground.  Robinson's brother-in-law David tried to help Johnson up and appellant swung at him.  Robinson pushed appellant and told him to "take that back around the corner."  Appellant became aggressive toward Robinson and Robinson hit him, causing him to fall.  Samuaje intervened and hit Robinson in the eye.

Appellant said that he was going to get a gun and ran away.  As Robinson was telling Samuaje to follow appellant and stop him from returning, a gunshot rang out.  Samuaje said, "Oh, that's my dad" and took off running.  Robinson saw appellant coming around the corner with a gun and told everyone to go in the house and get on the ground.  Robinson retrieved his gun and ammunition from the house, went back outside, knelt behind a tree, and saw appellant crawling on the ground toward a truck parked across the street.  Appellant got behind the truck, pointed his gun toward Burton's house, and asked, "Where you at?"  Robinson replied, "I'm right here.  There's kids in the house."  Appellant started shooting and Robinson fired one shot in return.  When police sirens could be heard approaching, appellant stopped firing his weapon and ran away.

Eight .40-caliber casings were recovered from the scene of the shooting and bullet strikes were found on Burton's fence, the stucco near the front door, and two vehicles parked in front of the residence.  Appellant's jacket, bandana, and cell phone were found on a wall in the yard.

Johnson told the police appellant was staying at her residence about two blocks away and had recently brought a .40-caliber Glock into the house.  Johnson did not want the gun in her house so appellant put it in his car.  In searching Johnson's house the morning after the shooting, the police found five .40-

caliber rounds of ammunition that matched the spent casings found at the scene of the shooting. Appellant was arrested that same day and gunshot residue was found on both of his hands.

## DISCUSSION

Appellant contends the trial court abused its discretion on remand by declining to exercise its discretion to strike his section 667, subdivision (a)(1) five-year prior serious felony enhancement. We disagree.

When appellant was initially sentenced, the trial court had no authority to strike or dismiss his prior serious felony enhancement. Senate Bill 1393, which went into effect while the appeal was pending and applies retroactively to nonfinal judgments, deleted the provision of section 1385 that mandated the imposition of a section 667 prior serious felony enhancement. Pursuant to that amendment, trial courts now have the discretion to strike or dismiss such enhancements in the interests of justice. (Sen. Bill No. 1393 (2017-2018 Reg. Sess.) §§ 1,2; *People v. Garcia* (2018) 28 Cal.App.5th 961, 973.)

The trial court's refusal to strike or dismiss an enhancement for purposes of sentencing is reviewed for an abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 374.) We must defer to the trial court's decision unless appellant has met his burden of showing that the ruling "is so irrational or arbitrary that no reasonable person could agree with it." (*Id.* at p. 377.) Absent such a showing, the court is presumed to have considered all relevant sentencing factors and acted to achieve legitimate sentencing objectives, and its discretionary decision to impose a particular sentence will not be disturbed on appeal. (*Id.* at pp. 376-377; *People v. Pearson* (2019) 38 Cal.App.5th 112, 117.)

4

At the original sentencing hearing, appellant brought a *Romero*[3] motion to strike his prior strike conviction in the interests of justice.  Appellant contended the motion should be granted because the prior conviction was over 20 years old and appellant had not suffered any other felony convictions between the time of his prior conviction in 1997 and the instant offenses.

In denying the motion, the court reasoned:  "In looking at this the court has considered . . . the probation report.  The court heard the evidence in the trial here and . . . considered the nature and circumstances of the current offenses, the prior convictions that have been suffered by [appellant], the particulars as provided to the court of his background, character and prospects and the court notes that [appellant] does have a very lengthy criminal history going back to 1989.  He had in 1991 . . . an arrest for robbery but was reduced to grand theft person.  He went to prison for that case in 1991.  He in 1994 had a petty theft, was on probation.  [In] 1995 while on probation he had some sort of municipal code violation.  Again in 1995 he had a felony conviction for possessing a deadly or dangerous weapon.  In 1996 [he] had a misdemeanor public nuisance matter.  [In] 1997 was the first degree burglary that is the strike.  He was sentenced to three years in state prison.  Since then he has had a very minor criminal history, mostly consisting of [misdemeanor] marijuana related offenses."

The court continued:  "So the court is mindful that [appellant] has had very little or very minor criminal history since . . . suffering the strike; however, the court also does still have to consider the seriousness of the current offense and at the

---

[3] *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*).

5

trial we heard that [appellant] was observed to be beating . . . this woman . . . that he had a relationship with, Miss Johnson, and that . . . when other people tried to intervene . . . [appellant] turned his attention to these other people at the party and ultimately ended up shooting at Gregory Robinson and he was convicted of attempted murder, shooting at an inhabited dwelling, possession of a firearm by a felon and unlawful possession of ammunition, [and] also the willful, deliberate and premeditated allegation as to the attempted murder and the firearms allegation as to the attempted murder. Given [appellant's] lengthy criminal history and the extraordinarily serious nature of the offenses in the current case the court does not believe it would be appropriate to strike the strike even though the strike is somewhat old. I don't believe that he can be said to be outside the spirit of the Three Strikes law and I do not believe it would be in the interest of justice to strike the strike."

At the sentencing hearing on remand, appellant's trial counsel stated that in urging the court to strike the prior serious felony enhancement he was relying on "the same argument" he made the at the *Romero* motion, i.e., that the prior conviction at issue was "very old." In declining to strike the prior serious felony enhancement, the court stated: "[T]he Court does recall the trial, and for all the same reasons that were discussed during the *Romero* [motion] and [at] sentencing, given the factors pertaining to [appellant] and his history as well as the current offense[s] and the nature of the prior, the court does not believe that it would be in the interest of justice to strike the [section] 667(a)(1) prior; so the court will decline to do so."

The court did not abuse its discretion in declining to strike the prior serious felony enhancement. In arguing otherwise,

appellant claims that "[r]ather than considering all relevant factors, including the purpose of [Senate Bill] 1393, the age of the prior, the absence of continuing felony or violent criminal conduct and the sentence that could be imposed without the prior, the court focused solely on the seriousness of the current offense and [appellant's] criminal history in refusing to strike the five-year prior." The record belies this claim. In stating the reasons for its decision, the court expressly incorporated the reasons set forth in its detailed ruling denying appellant's *Romero* motion. Appellant offers nothing to undermine the presumption that the court considered all of the relevant factors and sentencing objectives in issuing its ruling, so his claim that the ruling amounts to an abuse of discretion necessarily fails. (*People v. Carmony*, *supra*, 33 Cal.4th at p. 374; *People v. Pearson*, *supra*, 38 Cal.App.5th at p. 117.)

## DISPOSITION

The judgment is affirmed.
<u>NOT TO BE PUBLISHED.</u>

PERREN, J.

We concur:

YEGAN, Acting P. J.

TANGEMAN, J.

7

Shannon Knight, Judge
Superior Court County of Los Angeles

_____

Alice Tavoukjian, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill, Supervising Deputy Attorney General, Michael C. Keller, Deputy Attorney General, for Plaintiff and Respondent.