Filed 7/31/19

**CERTIFIED FOR PUBLICATION**


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE


| | |
|---|---|
| THE PEOPLE, | B293953 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA137063) |
| v. | |
| PATRICK PEARSON, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Eleanor J. Hunter, Judge. Affirmed.

David Y. Stanley, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Zee Rodriguez and Theresa A. Patterson, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Desmond McMiller, Patrick Pearson, and Deshonda Young killed Douglas Wooley on the morning of March 6, 2014. On direct appeal of judgments entered after a jury trial, we affirmed the trial court's convictions of the three defendants. But because the Legislature had enacted Senate Bill No. 620 (amending Penal Code section 12022.53[1]) to allow the trial court to strike a firearm enhancement imposed pursuant to section 12022.53 after sentencing but before the judgment were final, we remanded the case to the trial court to hold a new sentencing hearing to consider whether to exercise its discretion to "strike or dismiss an enhancement otherwise required by section 12022.53." (*People v. McMiller* (May 24, 2018, B268622) [nonpub. opn.] (*McMiller*); § 12022.53, subd. (h).)

On remand, the trial court denied Pearson's motion to strike the firearm enhancement pursuant to section 12022.53, subdivision (h). We find no abuse of discretion and affirm.

## BACKGROUND

Wooley was gunned down at the intersection of 97th Street and Main Street in Los Angeles by two men who emerged from the passenger's side of a gold Mercury Grand Marquis. Among other injuries, Wooley suffered two gunshot wounds to the head, two to the torso, several to "the upper extremities[,] and one to the buttock."[2] "The totality of all of the injuries led to [Wooley's] death," probably within minutes of the shooting. Wooley was developmentally disabled.

---

[1] Further statutory references are to the Penal Code unless otherwise specified.

[2] The background section is derived largely from our nonpublished opinion in *McMiller*, *supra*, B268622.)

Across the street, Mirna Martinez stood at her front door and called her dog inside. Martinez screamed when she heard the shots. Pearson turned his gun toward her home and fired, hitting the residence.

Pearson was found guilty of first degree murder (§ 187, subd. (a)), assault with a machine gun or assault weapon on witness Mirna Martinez (§ 245, subd. (a)(3)), possession of a firearm by a felon (§ 29800, subd. (a)(1)), shooting at an inhabited dwelling (§ 246), and dissuading a witness (Martinez) by force or threat (§ 136.1, subd. (c)(1)). The jury also found true firearm (§ 12022.53, subds. (d) & (e)(1)) and gang enhancements (§ 186.22, subd. (b)). Pearson stipulated at trial that he had a prior felony conviction for purposes of possession of a firearm by a felon.

Based on those findings, in December 2015 the trial court sentenced Pearson to a total of 72 years to life, including 25 years to life imposed based on the jury's firearm enhancement finding. On appeal, we affirmed the trial court's judgment against Pearson. But because the Governor signed into law Senate Bill No. 620 on October 11, 2017 (while Pearson's appeal was pending), and because we could not conclusively determine from the reporter's transcript of the sentencing hearing whether the trial court would have exercised its discretion to strike Pearson's firearm enhancement, we remanded the case to the trial court to allow the trial court to exercise its discretion in the first instance.

On remand, the trial court exercised its discretion to deny Pearson's request to strike the firearm enhancement. Pearson timely appealed.

## DISCUSSION

Under "section 12022.53, subdivision (d), a defendant convicted of a qualifying felony who intentionally and personally discharges a firearm, proximately causing great bodily injury or death, is subject to an additional term of 25 years to life." (*People v. Garcia* (2002) 28 Cal.4th 1166, 1169.) "Section 12022.53, subdivision (e)(1), imposes vicarious liability under this section on aiders and abettors who commit crimes in participation of a criminal street gang." (*Id.* at p. 1171.)

Senate Bill No. 620, which added section 12022.53, subdivision (h), gave the trial court discretion "in the interest of justice pursuant to Section 1385 and at the time of sentencing, [to] strike or dismiss an enhancement otherwise required to be imposed by this section." (§ 12022.53, subd. (h).)

" 'A court's discretionary decision to dismiss or to strike a sentencing allegation under section 1385 is' reviewable for abuse of discretion." (*People v. Carmony* (2004) 33 Cal.4th 367, 373.) "In reviewing for abuse of discretion, we are guided by two fundamental precepts. First, ' "[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review." ' [Citations.] Second, a ' "decision will not be reversed merely because reasonable people might disagree. 'An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge.' " ' [Citations.] Taken together, these precepts establish that a trial court does not abuse its discretion unless its decision is so

4

irrational or arbitrary that no reasonable person could agree with it." (*Id.* at pp. 376-377.)

After hearing argument regarding Pearson's firearm enhancement and his resulting sentence, the trial court denied Pearson's request to strike the enhancement. In doing so, the trial court stated: "This is a situation of a drive-up in a car, the three of you. Two of you get out. And a young man, who, I believe, was a special needs individual, you executed him in cold blood. Both of you had acted in concert, both of you gangbangers, and there was sufficient evidence with regard to not only the underlying crime, not only the gun allegation, but certainly the gang allegation. [¶] So the court recognizes its ability to strike the 12022.53; however, in this particular case, based on the conduct of these particular individuals, I am not going to do that. And the sentence, as imposed before, remains."

Pearson contends the trial court's statement means that the trial court "lumped Mr. Pearson together with his co-defendant McMiller, who clearly was the more culpable of the two, but also relied entirely on the nature of the offense in declining to strike the enhancement." Pearson contends the trial court should have also considered the likelihood that Pearson would continue to be a danger to society in the future: "Future dangerous[ness] should be a critical factor here, as in the parole context . . . ." Pearson's arguments here imply that the factors to be considered on a remand for resentencing under Senate Bill No. 620 are a blank slate.

We disagree. Resentencing after new legislation that applies to sentences not yet final can deprive context from what would otherwise be a decision made during the original sentencing hearing. In addition to the factors expressly listed for

determining whether to strike enhancements listed in California Rules of Court, rule 4.428(b), the trial court is also to consider the factors listed in California Rules of Court, rule 4.410 (listing general objectives in sentencing), as well as circumstances in aggravation and mitigation under rules 4.421 and 4.423. "[U]nless the record affirmatively reflects otherwise," the trial court is deemed to have considered the factors enumerated in the California Rules of Court. (Cal. Rules of Court, rule 4.409.) Among other factors the court may have considered were that "[t]he crime involved great violence . . . threat of great bodily harm, or other acts disclosing a high degree of cruelty, viciousness, or callousness," that the "defendant was armed with or used a weapon at the time of the commission of the crime," and that the "victim was particularly vulnerable." (Cal. Rules of Court, rule 4.421(a)(1)-(3).) Indeed, the record reflects that the trial court *did* consider these factors. When the trial court referred to the victim as a "special needs individual," it expressly considered that "[t]he victim was particularly vulnerable." (Cal. Rules of Court, rule 4.421(a)(3).) When the trial court referred to the defendant and McMiller "execut[ing the victim] in cold blood," it expressly considered whether "[t]he crime involved great violence, great bodily harm, threat of great bodily harm, or other acts disclosing a high degree of cruelty, viciousness, or callousness" and that "[t]he defendant has engaged in violent conduct that indicates a serious danger to society." (Cal. Rules of Court, rule 4.421(a)(1), (b)(1).) When the trial court referred to there being sufficient evidence with regard to the gun allegation, it expressly considered whether "[t]he defendant was armed with or used a weapon at the time of the commission of the crime." (Cal. Rules of Court, rule 4.421(a)(2).)

6

But nothing in the record affirmatively establishes that the trial court did not consider other relevant factors it was required to consider.  (Cal. Rules of Court, rule 4.409 ["Relevant factors enumerated in these rules must be considered by the sentencing judge, and will be deemed to have been considered unless the record affirmatively reflects otherwise"].)

Pearson's brief makes an eloquent and elegant argument about trends in felony sentencing generally and in California specifically.  But it ignores the context in which sentencing decisions like the one at issue here will typically be made.  The factors that the trial court must consider when determining whether to strike a firearm enhancement under section 12022.53, subdivision (h) are the same factors the trial court must consider when handing down a sentence in the first instance.

Pearson acknowledges that the trial court's discretion is "delimited by . . . applicable legal standards, a departure from which constitutes an 'abuse' of discretion."  (See *City of Sacramento v. Drew* (1989) 207 Cal.App.3d 1287, 1297-1298.)  The trial court did not depart from applicable legal standards here.  The trial court considered the factors it was required to consider when sentencing a felony defendant; denying Pearson's request to strike the firearm enhancement here was squarely within the bounds of the trial court's discretion.

**DISPOSITION**

The judgment is affirmed.

CERTIFIED FOR PUBLICATION

CHANEY, J.

We concur:

ROTHSCHILD, P. J.

BENDIX, J.