Filed 6/24/21  P. v. Kelly CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C092310 |
| Plaintiff and Respondent, | (Super. Ct. No. 14F02340) |
| v. | |
| SEAN KELLY, | |
| Defendant and Appellant. | |

We previously remanded this matter for the trial court to consider using its newfound discretion under Senate Bill No. 620 (2017-2018 Reg. Sess.) to strike firearm enhancements imposed on defendant.  The trial court declined to do so, and defendant now argues the court erred because it mistakenly believed it was unable to consider evidence of his postsentencing conduct in prison.  We will reverse the order and remand the matter for a new hearing.

1

## I. BACKGROUND

A jury found defendant guilty of second degree murder (Pen. Code, § 187, subd. (a))[1] and attempted murder (§§ 664, 187, subd. (a)). (*People v. Kelly* (July 16, 2019, C082063) [nonpub. opn.].)[2] The jury also found defendant personally discharged a firearm and personally discharged a firearm causing death as to both counts. (§ 12022.53, subds. (c), (d).) (*Kelly, supra,* C082063.) We affirmed the convictions on appeal, but remanded the case so the trial court could consider whether to exercise its discretion to strike the firearm enhancements under the changes to section 12022.53, subdivision (h) by then-newly enacted Senate Bill No. 620. (*Kelly, supra,* C082063.)

Both parties submitted briefing on remand. Defendant submitted a brief arguing the enhancements should be stricken, citing the mitigating circumstances of the crime itself, such as defendant's age and character, lack of significant gang affiliation, and rehabilitative efforts in prison. In support of these arguments, defendant attached reference letters from friends and family, transcripts and certificates for coursework completed in prison, and laudatory chronos from his prison central file. The prosecution briefing discussed the facts of the crime and dismissed defendant's prison documents because defendant may have also "had unfavorable activity since his incarceration."

The trial court held a hearing on the matter and began by stating it was not clear whether the court was supposed to consider only the "factors and facts as it had at the time of sentencing," or whether it was permitted to consider defendant's prison activities in exercising its discretion. The court heard argument from both parties. Citing *People v. Pearson* (2019) 38 Cal.App.5th 112, the court determined it could not consider evidence

---

[1] Undesignated statutory references are to the Penal Code.

[2] Both parties request we incorporate by reference the record in defendant's prior appeal and cite to our opinion in that appeal to provide procedural and factual background information. We will grant the request and follow suit.

of defendant's postsentencing conduct, saying: "Then the court concludes in the second to last paragraph of the opinion this, quote: Pearson's brief makes an eloquent and elegant argument about trends in felony sentencing and in California specifically, but it ignores the context in which sentencing decisions like the one at issue here will typically be made. The factors that the trial court must consider when determining whether to strike a firearm enhancement under Section 12022.53, subdivision (h)—and I'm going to underline this, italics, underline added—are the same factors the trial court must consider when handing down a sentence—all bold—in the first instance.

"I'm not sure whether Pearson actually meant—what it actually meant because I'm not sure what the Defendant's argument there was, but I believe the re-sentencing in this window that we're in— what I mean by window is the retroactive effect of 620. In this window the reasoning should be limited to the information the court had at the original sentence. That's what I take in the first instance, or at the time of the original sentence."

The court concluded "we are, as I think Pearson finds, limited to the information we had at the time the original sentence was imposed, and for that reason the arguments today should comply or comport with that finding." After hearing argument from both parties, the court denied the motion to strike the firearm enhancements.

## II. DISCUSSION

Defendant argues the trial court erred when it refused to consider the evidence of his rehabilitative efforts in prison and declined to strike the firearm enhancement. The People agree both parties should have been able to introduce evidence of defendant's prison activities during the hearing. We agree with the parties.

In *People v. Yanaga* (2020) 58 Cal.App.5th 619 (*Yanaga*), the appellate court considered what evidence was appropriate to consider at a hearing to strike a firearm enhancement under section 12022.53, subdivision (h), following remand. In *Yanaga*, the appellate court had remanded a case to the trial court after the passage of Senate Bill No.

620. (*Yanaga, supra*, at p. 622.) The defendant asked to strike a firearm enhancement and, as here, submitted documents regarding his activities in prison. (*Id.* at pp. 623-624.) The trial court refused to consider the evidence, saying it was required to consider only what the original sentencing judge would have had " 'at the time of sentencing.' " (*Id.* at p. 624.) The appellate court concluded the trial court erred when it excluded the evidence, saying, " '[I]t is well settled that when a case is remanded for resentencing after an appeal, the defendant is entitled to "all the normal rights and procedures available at his original sentencing" [citations], including consideration of any pertinent circumstances which have arisen since the prior sentence was imposed [citation].' " (*Id.* at p. 625.)

The prosecution argued otherwise, and, like the trial court in defendant's case, cited *People v. Pearson*, *supra*, 38 Cal.App.5th at page 117, which states " '[t]he factors that the trial court must consider when determining whether to strike a firearm enhancement under section 12022.53, subdivision (h) are the same factors the trial court must consider when handing down a sentence in the first instance.' " (*Yanaga*, *supra*, 58 Cal.App.5th at pp. 626-627.) The *Yanaga* court noted, however, that under the California Rules of Court, such "factors" include " '[a]ny other factors . . . [that] reasonably relate to the defendant,' " and thus can include a "defendant's postsentencing conduct while in prison." (*Id.* at p. 627, citing Cal. Rules of Court, rules 4.421(c), 4.423(c).) "*Pearson* does not suggest that the trial court would have been barred from considering defendant's postsentencing conduct while in prison." (*Yanaga*, *supra*, at p. 626.)

We agree the trial court was free to consider "both good and bad postsentencing conduct in prison." (*Yanaga, supra*, 58 Cal.App.5th at pp. 627-628.) The trial court was "unaware of 'the full scope' of its discretionary power" because it mistakenly believed it could not consider such conduct. (*Id.* at p. 628.) We cannot " 'say with confidence' that the resentencing judge would have declined to strike the enhancement had []he realized

that []he could consider appellant's postsentencing prison conduct," and the error was therefore not harmless. (*Id.* at p. 628.) As defendant notes, a significant portion of his argument for leniency involved his rehabilitative efforts in prison. We will reverse the trial court's order and remand the matter for a new hearing.

Defendant, who was 19 years old at the time of his offense, further requests we direct the trial court to conduct a *Franklin*[3] hearing on remand so that defendant can create a record for any future youth parole hearings under section 3051. The People disagree, arguing defendant should file a separate motion in the trial court under section 1203.01 if he wants to create such a record. We agree with the People.

Section 3051 provides for youth parole hearings, depending on the defendant's age at the time of the crime and the sentence imposed. "Youth offender parole hearings under section 3051 were established by the Legislature in 2013, following a series of United States and California Supreme Court cases addressing the constitutionality of lengthy prison sentences for juvenile offenders." (*In re Williams* (2020) 57 Cal.App.5th 427, 431.) "Effective January 1, 2016, section 3051's provisions were extended to offenders who were under age 24 at the time of their offenses. (Stats. 2015, ch. 471, § 1.) Two years later, they were further extended to include offenders who were under age 26 when they committed their crimes. (Stats. 2017, ch. 675, § 1; see also § 3051, subd. (a)(1).)" (*Id.* at p. 432.) In *People v. Franklin, supra,* 63 Cal.4th 261, "the Supreme Court held that when a juvenile offender receives an indeterminate life sentence, the offender must be 'given adequate opportunity at sentencing to make a record of mitigating evidence tied to his youth.' " (*People v. Medrano* (2019) 40 Cal.App.5th 961, 967 (*Medrano*).)

---

[3] *People v. Franklin* (2016) 63 Cal.4th 26.

Assuming we may reach defendant's request, notwithstanding the limited scope of our prior remand order, we are not convinced defendant is entitled to a *Franklin* remand. (*People v. Murphy* (2001) 88 Cal.App.4th 392, 396-397 ["In an appeal following a limited remand, the scope of the issues before the court is determined by the remand order"].)  In *People v. Woods* (2018) 19 Cal.App.5th 1080 (*Woods*), this court considered whether a defendant who was also 19 years old at the time of his offense was eligible for a *Franklin* remand:  "Unlike the defendant in *Franklin*, defendant was 19 years old at the time of his offense and thus he was not subjected to a sentence that violated constitutional principles prohibiting a minor from being sentenced to the functional equivalent of life without parole without considering how minors are different from adults and how those differences counsel against irrevocably sentencing a minor to a lifetime in prison. Moreover, unlike the defendant in *Franklin*, defendant was not sentenced at a time when youth offender parole hearings were not yet part of California law.  Defendant *is* entitled to a youth offender parole hearing under [] section 3051, but *not* because he was sentenced to the functional equivalent of life without parole for a crime committed when he was a minor.  Rather, he is entitled to a youth offender parole hearing only because the California Legislature decided, effective beginning in January 1, 2016, that youth offender parole hearings should be afforded to 'any prisoner who was 23 years of age or younger, or was under 18 years of age as specified in paragraph (4) of subdivision (b), at the time of his or her controlling offense.'  ([] § 3051, subd. (a)(1), as amended by Stats. 2017, ch. 675, § 1.)"  (*Id.* at p. 1088.)

Like the defendant in *Woods*, defendant was 19 years old at the time of his offense and was sentenced in 2016, after section 3051's provisions were expanded to include those in his age range; in fact, defendant was sentenced on March 18, 2016, less than one month before the defendant in *Woods* was sentenced.  (*Woods, supra*, 19 Cal.App.5th at p. 1088; *In re Williams*, *supra*, 57 Cal.App.5th at p. 432.)  "Thus unlike the defendant in *Franklin*, defendant had both the opportunity and incentive to put information on the

6

record related to a future youth offender parole hearing." (*Woods, supra*, at pp. 1088-1089.)  And, as the People note, an opinion in defendant's first appeal was not issued until July 16, 2019.  (*People v. Kelly, supra,* C082063.)  Briefing in the appeal was open as late as February 2019.  We conclude "defendant 'was afforded sufficient opportunity to make a record of information relevant to [defendant's] eventual youth offender parole hearing' " and see "no basis for a *Franklin* remand here."  (*Woods, supra*, at p. 1089; see also *Medrano, supra*, 40 Cal.App.5th at p. 968.)

As we noted in *Woods*, however, "it may well be that information offered to the trial court to assist in its determination of whether to exercise its discretion to strike the firearm enhancement[s] will be the same sort of information that would be offered under a *Franklin* remand."  (*Woods*, *supra*, 19 Cal.App.5th at p. 1091, fn. 3.)  In particular, several of defendant's character reference letters mention his youthful characteristics, and defense counsel's argument included express reference to defendant's young age.  Although defendant is not entitled to a *Franklin* remand, the trial court is not precluded from hearing relevant evidence on remand.  Similarly, our Supreme Court in *In re Cook* (2019) 7 Cal.5th 439, 446-447, has determined an offender whose conviction is final, may still file a motion in the trial court under section 1203.01 to make a record to preserve evidence of youth-related factors.  (See *Medrano*, *supra*, 40 Cal.App.5th at p. 968.)  Our rejection of defendant's request is without prejudice to such a motion.

## III.  DISPOSITION

The order declining to strike the firearm enhancements is reversed and the matter is remanded to conduct a new hearing consistent with this opinion.

/S/

RENNER, J.

We concur:

/S/

ROBIE, Acting P. J.

/S/

MURRAY, J.

8