Filed 5/24/22  P. v. Stinson CA3
Opinion following transfer from Supreme Court

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C093993 |
| Plaintiff and Respondent, | (Super. Ct. No. 13F04902) |
| v. | OPINION ON TRANSFER |
| DAVONTE STINSON, | |
| Defendant and Appellant. | |

This case returns to us on transfer from the California Supreme Court with directions to vacate our previous decision and reconsider in light of *People v. Tirado* (2022) 12 Cal.5th 688.

1

The trial court denied defendant Davonte Stinson's request to strike or reduce a firearm enhancement under Penal Code section 12022.53, subdivision (b).[1]  Defendant appeals, arguing the court misunderstood its discretion because it declined to modify the enhancement of conviction to an uncharged lesser enhancement not considered by the jury.

In an unpublished opinion, we affirmed the trial court's order.  (*People v. Stinson*, April 29, 2022, C093993 [nonpub. opn.].)  On transfer, defendant contends the matter must be remanded to allow the trial court to exercise its discretion whether to strike or reduce the section 12022.53, subdivision (b) firearm enhancement.  The Attorney General offers no opposition.  We will remand the matter to allow the trial court to exercise its discretion accordingly.

## BACKGROUND

A jury found defendant guilty of kidnapping for the purpose of robbery, two counts of robbery, and two counts of firearm possession by a felon.  (*People v. Stinson* (2019) 31 Cal.App.5th 464, 474.)  The jury also found true an enhancement allegation that defendant personally used a firearm to commit the offense.  (§ 12022.53, subd. (b); *Stinson,* at p. 474.)  The trial court sentenced defendant to a determinate term of 17 years eight months in state prison (including the mandatory 10 years for the firearm enhancement) plus a consecutive prison term of seven years to life.  (*Ibid.*)

On appeal, we affirmed the judgment, but remanded the case to allow the trial court to consider its new discretion to strike the firearm enhancement under Senate Bill No. 620 (2017-2018 Reg. Sess.) (Stats. 2017, ch. 682, §§ 1-2).  (*People v. Stinson* (Jan. 16, 2019, C077621) [nonpub. portion].)

---

[1]  Undesignated statutory references are to the Penal Code.

On remand, defendant moved the trial court to strike the enhancement; the People opposed the motion. After considering the parties' arguments, the court denied the motion, finding it was not in the interests of justice to strike the enhancement. Defendant's counsel then asked the court to "effectively reduce the [§] 12022.53(b) to a [§] 12022.5" but acknowledged he knew of no authority supporting the request. The court responded: "I appreciate the request. I don't believe that I would have the authority to do that. It was a charging decision made. The Court of Appeal didn't ask me to do that. And I don't think I have the authority to do that."

Defendant timely appealed from that order; as explained above, we initially declined to remand the case but have now been directed to reconsider that decision. Having done so, we shall remand the matter to the trial court.

DISCUSSION

On transfer from the Supreme Court, defendant maintains the trial court did not understand it had the ability to reduce his firearm enhancement to an uncharged lesser enhancement in lieu of striking it, and thus could not have exercised its informed discretion. The Attorney General did not file a brief.

Defendant seeks remand; we agree that remand for informed exercise of the trial court's discretion is appropriate.

Section 12022.53 provides for a 10-year enhancement for the personal use of a firearm under subdivision (b); a 20-year enhancement for the personal and intentional discharge of a firearm under subdivision (c); and a 25-year-to-life enhancement for the personal and intentional discharge of a firearm causing great bodily injury or death under subdivision (d).

Effective January 1, 2018, the Legislature enacted Senate Bill No. 620 (2017-2018 Reg. Sess.), which amended section 12022.53, subdivision (h) to provide: "The court may, in the interests of justice pursuant to Section 1385 and at the time of sentencing, strike or dismiss an enhancement otherwise required to be imposed by this section." A

3

trial court's refusal to dismiss a section 12022.53 enhancement is reviewed under the deferential abuse of discretion standard. (*People v. Pearson* (2019) 38 Cal.App.5th 112, 116.) "When being sentenced, a defendant is entitled to decisions made by a court exercising informed discretion. [Citation.] A court acting while unaware of the scope of its discretion is understood to have abused it." (*Tirado*, *supra*, 12 Cal.5th at p. 694.)

In *People v. Morrison* (2019) 34 Cal.App.5th 217, the appellate court held that amended section 12022.53, subdivision (h) not only gave a trial court the authority to strike or dismiss a firearm enhancement, but also to impose a lesser firearm enhancement. *(Morrison*, at p. 222.) Our Supreme Court has now concluded that "*Morrison* correctly described the scope of a trial court's sentencing discretion under section 12022.53." (*Tirado*, *supra*, 12 Cal.5th at p. 697.)

Our high court held trial courts are not categorically prohibited from imposing a lesser enhancement, either charged or uncharged, if the prosecution has charged the greater enhancement and the facts supporting the lesser enhancement have been alleged and found true. (*Tirado*, *supra*, 12 Cal.5th at p. 697.) Thus, under the section 12022.53 statutory framework, it is now clear that trial courts are permitted to strike an enhancement found true by the jury and to impose a lesser statutory enhancement instead. (*Tirado*, at p. 700; see *People v. McDavid* (2022) 77 Cal.App.5th 763, 774-776.) The record shows the trial court was not aware of its discretion in this regard. Accordingly, we shall remand the case for reconsideration of defendant's request to dismiss or reduce the section 12022.53, subdivision (b) firearm enhancement. Defendant may renew any of his previous arguments seeking dismissal of the enhancement as well as make any new arguments for dismissal or reduction on remand. We express no opinion as to how the trial court should exercise its discretion on remand.

4

## DISPOSITION

Defendant's sentence, imposed on September 24, 2014, is vacated and the matter is remanded for resentencing so the trial court may exercise its discretion in accordance with this opinion. At resentencing, the trial court may also consider any other new sentencing laws that apply to defendant, as his judgment is not yet final.

　　　　　　　　　　　　　　　　　　　　　/s/　　　　　　　　, J.
　　　　　　　　　　　　　　　　　　　　Duarte

We concur:

　　/s/　　　　　　
Raye, P. J.

　　/s/　　　　　　
Hoch, J.