Filed 6/30/22  P. v. Doulphus CA3
Opinion following transfer from Supreme Court

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ALAN DUANE DOULPHUS,<br><br>Defendant and Appellant. | C089263<br><br>(Super. Ct. No. NCR88402)<br><br>OPINION ON TRANSFER |

This case returns to us on transfer from the California Supreme Court with directions to vacate our previous decision and reconsider in light of *People v. Tirado* (2022) 12 Cal.5th 688 (*Tirado*).  On remand, the trial court denied in part defendant Alan Duane Doulphus's request to strike all three of the Penal Code[1] section 12022.53 firearm enhancements associated with his offenses, striking only two of the enhancements.  When defense counsel suggested the trial court could reduce the enhancements, the trial court

---

[1]     All further section references are to the Penal Code.

1

replied that it could not. Defendant appeals, arguing we should remand the matter to allow the trial court to exercise its discretion to impose a lesser enhancement.

In an unpublished opinion, we affirmed the trial court's ruling . (*People v. Doulphus* (June 30, 2021, C089263) [nonpub. opn.].) On transfer, defendant contends the matter must be remanded to allow the trial court to "exercise its discretion to modify the firearm enhancement." (Capitalization omitted.) The People offer no opposition. We will remand the matter to allow the trial court to exercise its discretion.

FACTUAL AND PROCEDURAL BACKGROUND

Defendant pled guilty to three counts of robbery, each with a section 12022.53, subdivision (c) enhancement for discharging a firearm, and to one count of voluntary manslaughter, and was sentenced to a 42-year four-month state prison term.

There was no stipulated term as part of the plea agreement. At sentencing, the trial court rejected defendant's argument for a mitigated term for the principal robbery conviction, instead imposing an aggravated five-year term on one of the robbery counts as part of the 42-year four-month total term.

In defendant's first appeal, we remanded to allow the trial court to determine whether to exercise its discretion to strike the firearm enhancements pursuant to the then newly enacted Senate Bill No. 620, and otherwise affirmed. On remand, the trial court struck the firearm enhancements as to two of the robbery counts, for a total term of 29 years. When counsel suggested the trial court could dismiss or reduce the enhancements, the court replied that it could strike an enhancement but could not reduce it.

Defendant timely appealed, and as explained above, we initially declined to remand the case but have now been directed to reconsider that decision. Having done so, we shall remand the matter to the trial court.

2

## DISCUSSION

On transfer from the Supreme Court, defendant maintains the trial court did not understand it had the ability to reduce his firearm enhancement to an uncharged lesser enhancement in lieu of striking it, and thus could not have exercised its informed discretion. The People did not file a brief. We agree with defendant that remand for informed exercise of the trial court's discretion is appropriate.

Section 12022.53 provides for a 10-year enhancement for the personal use of a firearm under subdivision (b); a 20-year enhancement for the personal and intentional discharge of a firearm under subdivision (c); and a 25-year-to-life enhancement for the personal and intentional discharge of a firearm causing great bodily injury or death under subdivision (d).

Effective January 1, 2018, the Legislature enacted Senate Bill No. 620 (2017-2018 Reg. Sess.), which amended section 12022.53, subdivision (h) to provide: "The court may, in the interests of justice pursuant to Section 1385 and at the time of sentencing, strike or dismiss an enhancement otherwise required to be imposed by this section." A trial court's refusal to dismiss a section 12022.53 enhancement is reviewed under the deferential abuse of discretion standard. (*People v. Pearson* (2019) 38 Cal.App.5th 112, 116.) "When being sentenced, a defendant is entitled to decisions made by a court exercising informed discretion. [Citation.] A court acting while unaware of the scope of its discretion is understood to have abused it." (*Tirado*, *supra*, 12 Cal.5th at p. 694.)

In *People v. Morrison* (2019) 34 Cal.App.5th 217, the appellate court held that amended section 12022.53, subdivision (h) not only gave a trial court the authority to strike or dismiss a firearm enhancement, but also to impose a lesser firearm enhancement. (*Morrison*, at p. 222.) Our Supreme Court concluded that "*Morrison* correctly described the scope of a trial court's sentencing discretion under section 12022.53." (*Tirado*, *supra*, 12 Cal.5th at p. 697.)

3

Our high court held trial courts are not categorically prohibited from imposing a lesser enhancement, either charged or uncharged, if the prosecution has charged the greater enhancement and the facts supporting the lesser enhancement have been alleged and found true. (*Tirado*, *supra*, 12 Cal.5th at p. 697.) We think there is no practical difference for purposes of this principle, that a defendant has admitted the facts supporting the lesser enhancement. (See § 12022.53, subd. (j) ["For the penalties in this section to apply, the existence of any fact required under subdivision (b), (c), or (d) shall be alleged in the accusatory pleading and *either* admitted by the defendant in open court *or* found to be true by the trier of fact"], italics added.) Thus, under the section 12022.53 statutory framework, it is now clear that trial courts are permitted to strike an enhancement admitted by the defendant and to impose a lesser statutory enhancement instead. (*Tirado*, at p. 700.)

Here, the record shows the trial court was not aware of its discretion in this regard. Accordingly, we shall remand the case for reconsideration of defendant's request to dismiss or reduce the sole remaining section 12022.53, subdivision (c) firearm enhancement. Defendant may renew any of his previous arguments seeking dismissal of the enhancement as well as make any new arguments for dismissal or reduction on remand.

We express no opinion as to how the trial court should exercise its discretion on remand, but we note our agreement with defendant that, under the reasoning of *Tirado*, the trial court may reduce the section 12022.53, subdivision (c) firearm enhancement to a section 12022.5, subdivision (a) firearm enhancement. (Cf. *Tirado*, *supra*, 12 Cal.5th at p. 692 ["the statutory framework permits a court to strike the section 12022.53, [subdivision] (d) enhancement found true by the jury and to impose *a lesser uncharged statutory enhancement instead*"], italics added.)

## DISPOSITION

Defendant's sentence is vacated and the matter is remanded for resentencing so the trial court may exercise its discretion in accordance with this opinion. At resentencing, the trial court may also consider any other new sentencing laws that apply to defendant, as his judgment is not yet final.


/s/_____
Robie, Acting P. J.


We concur:


/s/_____
Mauro, J.


/s/_____
Renner, J.

5