Filed 2/16/23  P. v. Kelly CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>SEAN CLAUDE KELLY,<br><br>        Defendant and Appellant. | C096079<br><br>(Super. Ct. No. 14F02340) |

This case returns to us from a previous remand for the trial court to consider defendant Sean Claude Kelly's[1] postsentencing conduct in prison in exercising its discretion as to whether to strike defendant's firearm enhancements imposed under Penal Code[2] section 12022.53, subdivision (d).  (*People v. Kelly* (June 24, 2021, C092310)

---

[1]    Defendant's name is listed several different ways throughout the record.  While the notice of appeal filed in this case lists defendant's name as "Sean Kelly," the original abstract of judgment uses "Sean Claude Kelly"; we use the latter name in this opinion.

[2]    Undesignated section references are to the Penal Code.

1

[nonpub. opn.].)  On remand, the trial court declined to dismiss or reduce defendant's firearm enhancements.  Defendant appeals and contends the trial court abused its discretion.  We conclude the trial court properly exercised its discretion and affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Due to the limited issue on appeal, we do not restate the underlying facts of the case at length.  Suffice it to say "[a] jury found defendant guilty of second degree murder [citation] and attempted murder [citation].  [Citation.]  The jury also found defendant personally discharged a firearm and personally discharged a firearm causing death." (*People v. Kelly* (June 24, 2021, C092310) [nonpub. opn.], fn. omitted.)  "The trial court imposed an aggregate indeterminate term of 72 years to life, consisting of a 15-year-to-life term for murder, along with a 25-year-to-life term for the firearm enhancement, and a seven-year term for attempted murder, along with a 25-year-to-life term for the firearm enhancement."  (*People v. Kelly* (July 16, 2019, C082063) [nonpub. opn.].)

We remanded the case to the trial court to consider defendant's postsentencing prison activities in exercising its discretion as to whether to strike defendant's firearm enhancements pursuant to its authority under sections 12022.53, subdivision (h) and 1385.  (*People v. Kelly*, *supra*, C092310.)

On remand, defendant made three central arguments in support of his motion to strike the firearm enhancements.  First, defendant argued the text of section 1385 indicates legislative intent to curtail lengthy sentences that result from sentencing enhancements.  Second, defendant contended the Board of Parole Hearings protects public safety through parole suitability hearings, and the Board would require such a hearing before releasing defendant on parole.  And third, defendant emphasized the following mitigating factors:  he is not a gang member; he committed the crime in response to a threat; he was only 19 years old at the time of the crime; and postsentencing, he has continued his education, engaged in self-help courses and youth outreach, and completely abstained from violence.

2

At the resentencing hearing, the trial court acknowledged receipt of a supplemental report from probation and evidence of defendant's postsentencing conduct. The court explained its decision at length, beginning with an examination of defendant's constitutional rights and society's interests. The court found defendant's due process rights had been met and the sentence imposed did not constitute cruel and unusual punishment. The court further found the sentence imposed protects society's interest in punishing individuals who use a firearm in the commission of murder commensurate with the gravity of the offense.

The trial court then analyzed the nature and circumstances of the crime and defendant's involvement. The court described defendant's crimes as "the most serious and violent felonies there are in our criminal justice and penal system." Regarding the circumstances of the crime, the court noted it was "senseless," "cold-blooded," and "at close range," and that defendant acted alone.

Next, the trial court reviewed the relevant mitigating circumstances set forth in section 1385, former subdivision (c)(3),[3] now subdivision (c)(2). The court found defendant did not submit any evidence to show imposition of the firearm enhancements would result in a discriminatory racial impact under section 1385, subdivision (c)(2)(A). As to section 1385, subdivision (c)(2)(B), the court acknowledged it gave great weight to the fact that multiple enhancements were alleged in this case. The trial court further found section 1385, subdivision (c)(2)(C) inapplicable to the case, as defendant's sentence exceeded 20 years before imposition of the firearm enhancements. Notwithstanding this finding, the court afforded that mitigating circumstance great weight. Because defendant was 19 years old at the time of the crime, the court found

---

[3] Further references are to section 1385, subdivision (c)(2), the present identical but renumbered version of section 1385, former subdivision (c)(3). (Stats. 2022, ch. 58, § 15.)

section 1385, subdivision (c)(2)(G) inapplicable. The court noted defendant did not raise any of the remaining mitigating circumstances under section 1385, subdivision (c)(2) and found them inapplicable to the case.

The trial court also reviewed defendant's background, emphasizing the positive environment he grew up in and the array of opportunities he had available to him. The court found defendant chose a life of crime. The court analyzed defendant's merits and demerits, noting defendant completed college courses and a variety of self-improvement programs. As to defendant's demerits, the court noted insubordination, disobedience, and possession of contraband. On balance, the court found defendant continues to maintain a "criminal mind."

The trial court further considered aggravating and mitigating factors under California Rules of Court, rules 4.421 and 4.423. The court focused on the violent nature of defendant's crimes and "[d]efendant's continued choice to disregard societies [*sic*] rules." The court closed with a consideration of defendant's youth at the time of the crime, pursuant to California Rules of Court, rule 4.408. Despite defendant's young age, the court found defendant had the maturity to comprehend the nature and gravity of the crime when he committed it. The court acknowledged it "considered [the matter] thoroughly and fully and [gave it] a lot of thought over a long period of time."

The trial court declined to strike or reduce defendant's firearm enhancements. Defendant appeals.

DISCUSSION

Senate Bill No. 620 (2017-2018 Reg. Sess.) (Stats. 2017, ch. 682, § 2) amended section 12022.53, subdivision (h) to give trial courts discretion to "strike or dismiss" a section 12022.53 enhancement "in the interest of justice pursuant to [s]ection 1385." Our Supreme Court in *Tirado* held that section 12022.53, subdivision (j) allows trial courts to "impose an enhancement under section 12022.53[, subdivisions ](b) or (c)" in place of a

4

dismissed section 12022.53, subdivision (d) enhancement. (*People v. Tirado* (2022) 12 Cal.5th 688, 700.)

Defendant contends the trial court abused its discretion by imposing an unduly harsh sentence that is contrary to the spirit of Senate Bill No. 620 and failing to strike a reasonable balance by imposing lesser firearm enhancements. We disagree.

"We review a trial court's order denying a motion to dismiss a sentence enhancement under section 1385 for abuse of discretion. [Citations.] A trial court may abuse its discretion where 'its decision is so irrational or arbitrary that no reasonable person could agree with it' . . . or 'where the court considered impermissible factors in declining to dismiss.' " (*Nazir v. Superior Court* (2022) 79 Cal.App.5th 478, 490.) "In determining whether to dismiss a firearm enhancement under section . . . 12022.53, a court considers the same factors considered ' "when handing down a sentence in the first instance." ' [Citations.] These factors include those listed in California Rules of Court, rule 4.410 (general objectives in sentencing) [and] rules 4.421 and 4.423 (circumstances in aggravation and mitigation)." (*Nazir*, at p. 497.) Trial courts must also "consider and afford great weight" to the mitigating circumstances listed under section 1385, subdivision (c)(2) when a defendant offers evidence "that any of the mitigating circumstances . . . are present." (§ 1385, subd. (c)(2).)

Here, the record demonstrates the trial court properly exercised its discretion in declining to strike or reduce defendant's firearm enhancements. The trial court presented a thorough analysis of factors relevant to defendant's sentencing. The court found no due process violations nor cruel and unusual punishment and found the firearm enhancements served society's interests. The court considered aggravating and mitigating circumstances including defendant's background, the gravity and circumstances of the crime, and defendant's postsentencing conduct.

The trial court said defendant chose a life of crime and described the circumstances of the crime as "senseless," "cold-blooded," and "the most serious and

violent felonies there are in our criminal justice and penal system." The court found defendant was mature enough at the time of the crime to understand the nature of his conduct, despite being 19 years old. The court commended defendant on his postsentencing accomplishments but ultimately found defendant is willing to break rules and continues to possess a "criminal mind." The court said it gave great weight to the relevant mitigating circumstances under section 1385, subdivision (c)(2) and afforded extensive time and thought to its decision.

The trial court's considerations and findings demonstrate careful examination of appropriate factors under section 1385, subdivision (c)(2) and California Rules of Court, rules 4.410, 4.421, and 4.423. Absent a showing that the trial court's " ' " 'sentencing decision was irrational or arbitrary,' " ' " we presume the trial court " ' " 'acted to achieve legitimate sentencing objectives.' " ' " (*People v. Pearson* (2019) 38 Cal.App.5th 112, 116.) Defendant does not contend the trial court acted in an irrational or arbitrary manner, nor does defendant point to any consideration of impermissible factors. Instead, defendant asks us to reweigh the evidence in light of public policy. We cannot do so under an abuse of discretion standard of review.

We conclude the trial court properly exercised its discretion in declining to strike or reduce defendant's firearm enhancements.

DISPOSITION

The order is affirmed.


        /s/

ROBIE, Acting P. J.


We concur:


        /s/

DUARTE, J.


        /s/

EARL, J.