Filed 6/23/25  P. v. Uribe CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>      v.<br><br>JOEL URIBE,<br><br>      Defendant and Appellant. | B334321<br><br>(Los Angeles County<br>Super. Ct. No. PA047307) |

APPEAL from a postjudgment order of the Superior Court of Los Angeles County, Daniel B. Feldstern, Judge.  Affirmed.

Justin Behravesh, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Stephanie C. Brenan and Sophia A. Lecky, Deputy Attorneys General, for Plaintiff and Respondent.

————————————————

Joel Uribe appeals from the superior court's order resentencing him under Senate Bill No. 483 (2021-2022 Reg. Sess., Stats. 2021, ch. 728, § 3) (Senate Bill 483), codified as Penal Code section 1172.75 (formerly section 1171.1).[1]  The court struck Uribe's one-year prior prison term enhancement under section 667.5, former subdivision (b), reducing his original aggregate sentence of 24 years to a sentence of 23 years in state prison.  But Uribe contends the court abused its discretion by refusing to strike his five-year prior serious felony enhancement (§ 667, subd. (a)) under section 1385.  We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

A.  *Underlying Facts*[2]

On March 19, 2004, Uribe was at his brother's house with his brother and his brother's friend, Benjamin Mata.  Armed with a gun, Uribe accused both men of smoking his marijuana.  Uribe pointed the gun at his brother, who told him to stop.  Uribe then pointed the gun at Mata and while holding it two inches from Mata's face said, " 'Do you trust me?  I could take your life right now.' "  Mata told Uribe to stop and pushed the gun away.  Uribe pointed the gun back at Mata's face and shot him.  The bullet went through Mata's cheek and neck and got lodged in his back, near his spine.  According to Mata, although the bullet remains

---

[1]  Further statutory references are to the Penal Code. Effective January 1, 2022 section 1171.1 was renumbered to section 1172.75 with no change in text.  (Assem. Bill No. 200 (2021-2022 Reg. Sess., Stats. 2022, ch. 58, § 12).)

[2]  We derive the facts from the probation report.

lodged there, the shooting did not cause him any physical problems.

After the shooting, Uribe "made up a story about a Black male shooting [Mata] and told [Mata] to tell that story to the police." Afraid that Uribe would hurt him, Mata lied to the police when they first arrived. However, later, Mata told the police Uribe shot him.

B.    *Plea and Sentence*

The People charged Uribe with assault with a firearm (§ 245, subd. (a)(2)), and dissuading a witness (§ 136.1, subd. (b)(1)). The People alleged that Uribe had two prior convictions for robbery (§ 211) from 1991 and carjacking (§ 215) from 1995, both of which constituted strikes under the "Three Strikes" law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and prior serious felony convictions within the meaning of section 667, subdivision (a)(1). The People further alleged Uribe served a prior prison term for the carjacking (§ 667.5, former subd. (b)), and personally used a firearm (§ 12022.5).

In 2004, Uribe pleaded no contest to assault with a firearm and admitted he personally used a firearm. He also admitted he had a prior conviction for carjacking from 1995, which qualified as strike under the Three Strikes law and as a prior serious felony conviction, for which he served one prior prison term. The trial court sentenced Uribe to an aggregate term of 24 years in state prison, consisting of an upper term of four years for the assault, doubled to eight years under the Three Strikes law, plus an upper term of 10 years for the firearm enhancement, five years for the prior serious felony enhancement, and one year for

3

the prior prison term enhancement.  The court dismissed the remaining count and allegations.

C.    *Section 1172.75 Resentencing*

In 2021, the Legislature invalidated all section 667.5, former subdivision (b), prior prison term enhancements that were imposed prior to January 1, 2020, and did not arise from convictions for sexually violent offenses.  The Legislature enacted section 1172.75, which provides a procedure for resentencing inmates serving terms that include those now-invalid enhancements.  (§ 1172.75, subd. (a).)

On August 4, 2023, Uribe filed a petition for resentencing under section 1172.75.  He argued the trial court should strike the now-invalid section 667.5, former subdivision (b) enhancement and conduct a "full resentencing," applying "ameliorative law changes" that had been enacted since his original sentencing, including:  (1) Senate Bill No. 1393 (2017–2018 Reg. Sess.) (Senate Bill 1393), which amended sections 667 and 1385 to allow a court to strike a five-year prior serious felony enhancement in furtherance of justice (Stats. 2018, ch. 1013, §§ 1, 2); and (2) Senate Bill No. 81 (2021–2022 Reg. Sess.) (Senate Bill 81), which amended section 1385, governing the dismissal of certain enhancements in the interest of justice (Stats. 2021, ch. 721, § 1).

As part of the full resentencing, Uribe requested the court strike the five-year prior serious felony enhancement, which would have resulted in Uribe's immediate release from prison.[3]

_____

[3]    Uribe had spent 19 and a half years in prison at the time of resentencing, leaving him with four and a half years left on his

Relevant here, he argued the following mitigating factors applied to him: (1) his offense was connected to his childhood trauma,[4] and (2) his five-year serious felony enhancement was based on a prior conviction that was over five years old (from 1995). (§ 1385, subd. (c)(2)(E), (H).) Attached to his petition were several supporting documents, including certificates of completion of various in-custody rehabilitation programs[5] and letters of support from family and friends. At the resentencing hearing, defense counsel also argued his offense was "based on . . . mental health issues," and his disciplinary record in prison reflected "him protecting himself" against "people [who] are always challenging him."

The People agreed the court should strike the section 667.5, former subdivision (b) enhancement but urged the court to deny Uribe's request for "any additional resentencing." The People noted Uribe had a history of rule violations in prison from 2016 to 2022, including numerous violations for battery and fighting. Based on "the recency and the types of rule violations in prison," the People argued "[d]ismissal of any enhancements over which the court has discretion to dismiss [under section 1385] would endanger public safety." The People contended "the underlying offense . . . [was] seriously egregious" and Uribe's "conduct while

_____

sentence. Because of his disciplinary record in prison, he was not entitled to conduct credits.

[4] Uribe alleged he "was the victim of extreme physical and emotional abuse . . . by his stepfather."

[5] The various certificates were dated from 2022 to 2023, except for one from 2003, all indicating he completed narcotics anonymous meetings, and another from 2020, indicating he "participated in the Day of Peace and Reconciliation."

5

in prison for nearly 20 years . . . essentially mirror[ed] the underlying conduct for the [assault] for which he was convicted."

The trial court struck Uribe's section 667.5, former subdivision (b) enhancement, reducing his aggregate sentence from 24 years to 23 years, but ruled it would not exercise its discretion under section 1385 to strike the prior serious felony enhancement. It reasoned that, on the one hand, there were factors "on [Uribe's] side," including that Uribe was abused by his stepfather, Uribe's family and friends wrote supportive letters, there were "multiple enhancements" alleged, and the "sentence that was imposed . . . exceed[ed] 20 years." On the other hand, the court reasoned there were several aggravating factors: the crime itself involved "great violence," Uribe "used a firearm in the process," Uribe "threatened the witness," Uribe "engaged in violent conduct that indicates a serious danger to society," his prior convictions as an adult and sustained petitions as a juvenile were "numerous and . . . of increasing seriousness," he served a prior prison term, and his prior performance on parole was "unsatisfactory."

The court also considered postconviction factors, including Uribe's disciplinary record and record of rehabilitation. As to those factors, the court found Uribe's rule violations were "all relatively recent" and "show[ed] a very active concerted effort on [his part] to harm people." The court found Uribe made "efforts to rehabilitate himself," but his efforts were "relatively recent as opposed to over the course of time." Based on the "totality of circumstances," the court concluded Uribe "continu[ed] to be a danger to public safety" and it was not "in the interest of justice to reduce his sentence other than [by] the one-year prior."

Uribe timely appealed.

6

## DISCUSSION

A. *Governing Law*

Effective January 1, 2022, Senate Bill 483 added section 1172.75 to the Penal Code. (*People v. Christianson* (2023) 97 Cal.App.5th 300, 310, review granted Feb. 21, 2024, S283189 (*Christianson*).) Section 1172.75 provides that "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of [s]ection 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid." (§ 1172.75, subd. (a).)

Section 1172.75, subdivision (b), instructs the California Department of Corrections and Rehabilitation or county correctional administrator to " 'identify those persons in [its] custody currently serving a term . . . that includes an enhancement' " for a prior prison term under section 667.5, subdivision (b), and " 'provide the name of each [such] person . . . to the sentencing court that imposed the enhancement.' " (*Christianson, supra,* 97 Cal.App.5th at p. 310, review granted, quoting § 1172.75, subd. (b).) The sentencing court "shall review the judgment" and verify that the judgment includes a prior prison term enhancement. (§ 1172.75, subd. (c).) "If the court determines that the current judgment includes [such] an enhancement . . . the court shall recall the sentence and resentence the defendant." (*Ibid.*; see *Christianson,* at p. 310.) "By its plain terms, section 1172.75 requires a full resentencing, not merely that the trial court strike the newly 'invalid' enhancements." (*People v. Monroe* (2022) 85 Cal.App.5th 393, 402 (*Monroe*); accord, *People v. Garcia* (2024) 101 Cal.App.5th 848, 855.)

7

Section 1172.75 outlines "specific instructions" for resentencing. (*People v. Carter* (2023) 97 Cal.App.5th 960, 966.) The resentencing "shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety," and further, resentencing "shall not result in a longer sentence than the one originally imposed." (§ 1172.75, subd. (d)(1).) Additionally, the sentencing court "shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (*Id.*, subd. (d)(2).) "The court may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." (*Id.*, subd. (d)(3).)[6]

Senate Bill 1393 is a "change[ ] in the law" the court must apply at a section 1172.75 resentencing. (*Monroe*, *supra*, 85 Cal.App.5th at p. 400.) Effective January 1, 2019, Senate

---

[6]     The court is also required to appoint counsel for the defendant and, unless the trial court originally imposed the upper term, may not impose a sentence exceeding the middle term unless circumstances in aggravation that justify the upper term have been stipulated to by the defendant or found true beyond a reasonable doubt. (§ 1172.75, subd. (d)(4), (5).)

Bill 1393 "grants trial courts discretion to strike five-year serious felony enhancements (§ 667, subd. (a)(1)) under section 1385, subdivision (a) 'in furtherance of justice.' " (*Monroe*, at p. 397.)

Senate Bill 81 created another change in law the court must apply. (See *People v. Cota* (2023) 97 Cal.App.5th 318, 334.) Effective January 1, 2022, Senate Bill 81 amended section 1385 by adding subdivision (c). Subdivision (c)(1) provides: "Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute." Subdivision (c)(2) provides: "In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present. Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety. 'Endanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others." As relevant here, mitigating circumstances include the following: "[m]ultiple enhancements are alleged in a single case," "[t]he application of an enhancement could result in a sentence of over 20 years," "[t]he current offense is connected to mental illness," "[t]he current offense is connected to prior victimization or childhood trauma," and "[t]he enhancement is based on a prior conviction that is over five years old." (§ 1385, subd. (c)(2)(B)-(E), (H).)

If the court finds dismissal of the enhancement would endanger public safety, "consideration of the mitigating factors in

9

section 1385[, subdivision] (c)(2) is not required." (*People v. Mendoza* (2023) 88 Cal.App.5th 287, 297 (*Mendoza*); see *People v. Walker* (2024) 16 Cal.5th 1024, 1033 (*Walker*) ["in most cases, 'if the trial court finds that dismissal of an enhancement would endanger public safety, then it is hard to see how dismissal would further the interests of justice,' notwithstanding the applicability of any mitigating factors identified in [section 1385] subdivision (c)(2)"].) "[I]f the court does not find that dismissal would endanger public safety, the presence of an enumerated mitigating circumstance will generally result in the dismissal of an enhancement unless the sentencing court finds substantial, credible evidence of countervailing factors that 'may nonetheless neutralize even the great weight of the mitigating circumstance, such that dismissal of the enhancement is not in furtherance of justice.' " (*Walker*, at p. 1029.)

B.     *Standard of Review*

        "[W]e review for abuse of discretion the trial court's decision not to strike a sentence enhancement under section 1385, subdivision (a)." (*Mendoza, supra*, 88 Cal.App.5th at p. 298; see *People v. Gonzalez* (2024) 103 Cal.App.5th 215, 225.) "A trial court may abuse its discretion where 'its decision is so irrational or arbitrary that no reasonable person could agree with it,' 'where the trial court was not "aware of its discretion' " to dismiss a sentencing [enhancement] under section 1385, or 'where the court considered impermissible factors in declining to dismiss.' " (*Nazir v. Superior Court* (2022) 79 Cal.App.5th 478, 490.)

        " 'In reviewing for abuse of discretion, we are guided by two fundamental precepts.  First, " '[t]he burden is on the party

10

attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review.' " [Citation.] Second, a " 'decision will not be reversed merely because reasonable people might disagree. "An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge." ' " ' " (*People v. Pearson* (2019) 38 Cal.App.5th 112, 116 (*Pearson*).)

C.      *The Court Did Not Abuse Its Discretion by Declining To Strike the Prior Serious Felony Enhancement*

Uribe contends the court "abused its discretion by refusing to strike his serious felony prior because doing so would have been in the furtherance of justice based on the remoteness of the prior, [his] childhood trauma, and his efforts toward rehabilitation." We are not persuaded.

First, in declining to strike the prior serious felony enhancement, the trial court expressly made a finding that dismissal of the enhancement would pose "a danger to public safety." Where, as here, the court "finds that dismissal of an enhancement 'would endanger public safety,' . . . the court need not consider the listed mitigating circumstances" under section 1385 (*Mendoza, supra*, 88 Cal.App.5th at p. 296), which include that "[t]he enhancement is based on a prior conviction that is over five years old" and "[t]he current offense is connected to . . . childhood trauma" (§ 1385, subd. (c)(2)(E), (H)). The court is also not *required* to consider Uribe's postconviction conduct or assign

11

it any particular weight. (See § 1172.75, subd. (d)(3) [court "*may* consider postconviction factors" (italics added)].) Therefore, Uribe's argument the mitigating circumstances warranted dismissal of his five-year enhancement is unavailing.

Moreover, the court *did* consider Uribe's mitigating circumstances and supporting documents. The court stated it reviewed Uribe's brief, which argued under section 1385, subdivision (c)(2)(H), the court must consider whether "the five-year prior [is] based on a conviction that was over five years old." The court also explicitly considered Uribe's childhood trauma and his record of rehabilitation. With respect to Uribe's rehabilitation efforts, the court found that while Uribe made efforts to rehabilitate himself in prison, his "efforts to rehabilitate [were] relatively recent as opposed to over the course of time." Because of this, Uribe argues the court did not give him "the credit he deserve[d] for his genuine and legitimate rehabilitation efforts." But the record supported the court's finding, and the court was free to weigh Uribe's rehabilitation record against the other factors and determine the other factors were entitled to more weight. (See *Mendoza*, *supra*, 88 Cal.App.5th at p. 299.)

In addition to Uribe's mitigating factors, the court considered multiple aggravating factors and Uribe's postconviction disciplinary record. As to the aggravating factors, the court considered that the crime involved "great violence" (Cal. Rules of Court, rule 4.421(a)(1)),[7] Uribe "used a firearm in the process" (rule 4.421(a)(2)), he "threatened the witness" (rule 4.421(a)(6)), he "engaged in violent conduct that indicates a

_____

[7] Further rule references are to the California Rules of Court.

12

serious danger to society" (rule 4.421(b)(1)), his prior convictions as an adult and sustained petitions as a juvenile were "numerous and . . . of increasing seriousness" (rule 4.421(b)(2)), he served a prior prison term (rule 4.421(b)(3)), and his prior performance on parole was "unsatisfactory" (rule 4.421(b)(5)).  The court also found Uribe's recent rule violations "show[ed] a very active concerted effort on [his part] to harm people."  The court was entitled to consider all these factors.  (See *Walker*, *supra*, 16 Cal.5th at p. 1033 [trial court may impose an enhancement based on circumstances in aggravation under rule 4.421]; § 1172.75, subd. (d)(3) [court may consider "the disciplinary record . . . of the defendant while incarcerated"].)  Uribe does not contend the court's findings as to these factors were unsupported by the record.

After considering both the mitigating and aggravating factors, the court concluded that dismissing the enhancement would not be in the furtherance of justice.  This was not an abuse of discretion.  (See *People v. Ortiz* (2023) 87 Cal.App.5th 1087, 1099 [resentencing court did not abuse its discretion in declining to strike enhancement by "assess[ing] the claimed mitigating factors and, finding one such factor, acknowledg[ing] its great weight but determin[ing] that other factors were collectively weightier"]; *Pearson*, *supra*, 38 Cal.App.5th at p. 117 [same, where resentencing court declined to strike firearm enhancement based on several aggravating factors].)

In essence, Uribe asks us to reweigh the factors.  However, it is not our role as an appellate court to do so or to substitute our judgment for that of the trial court.  (*Pearson*, *supra*, 38 Cal.App.5th at p. 116.)  Thus, Uribe has failed to demonstrate

the court's decision to impose the five-year enhancement was irrational or arbitrary.

## DISPOSITION

The order is affirmed.


STONE, J.

We concur:


MARTINEZ, P. J.


FEUER, J.

14