Filed 1/14/25  P. v. Perez CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>RICARDO PEREZ,<br><br>    Defendant and Appellant. | G063434<br><br>(Super. Ct. No. 13CF0897)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Michael J. Cassidy, Judge. Affirmed.

Marcia R. Clark, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Melissa Mandel and Anne Spitzberg, Deputy Attorneys General, for Plaintiff and Respondent.

\*　　　　\*　　　　\*

In 2015, appellant Ricardo Perez was found guilty of one count of carjacking, and three counts of second degree robbery, with enhancements for prior convictions and firearm use during the crimes. The trial court declined to strike Perez's prior strike conviction and firearm enhancement, and he was sentenced to 32 years, four months in state prison.

After receiving a letter from the California Department of Corrections and Rehabilitation (CDCR) recommending that appellant's sentence be recalled and that he be resentenced pursuant to Penal Code section 1172.1[1], the trial court conducted a resentencing hearing. However, it chose only to strike Perez's prior conviction, which reduced his sentence by five years.

Perez argues the trial court abused its discretion by declining to reduce his prison term further because he was entitled to a more meaningful reduction based on the facts of the case and his exemplary record as an inmate. He also argues he does not pose a danger to public safety. We find the trial court properly exercised its discretion and took the required factors into account when resentencing Perez. We therefore affirm the judgment.

STATEMENT OF FACTS AND PROCEDURAL HISTORY

Perez and a female companion were charged with multiple counts involving robberies of three different victims within a two-day span of time. Perez was charged with one count of carjacking (§ 215, subd. (a)) and one count of second degree robbery (§§ 211/212.5, subd. (c)) in connection with victim A.F (Counts 1 and 2).; one count of second degree robbery (§§ 211/212.5, subd. (c)) in connection with victim S.A. (Count 3); and one count of first degree robbery (§§ 211/212.5, subd. (a)) in connection with

_____

[1] All statutory references are to the Penal Code.

victim J.P (Count 4). It was further alleged that Perez had personally used a firearm during the commission of the offenses. (§ 12022.53, subd. (b).) A jury convicted Perez on all counts against him and he was sentenced as a second strike offender to a total of 32 years and four months in prison. The sentence included a ten-year firearm enhancement on Count One, a three year and four month enhancement on Count Three, and a prior strike enhancement of five years under sections 667, subdivision (a)(1) and 1192.7, what is often referred to as a "nickel prior" enhancement.

On direct appeal, we affirmed Perez's conviction, but on the instruction of the California Supreme Court, we remanded the matter to the trial court for resentencing in light of changes to section 12022.53 which gave the trial court discretion to strike or dismiss the firearm enhancement. (See *People v. Perez* (Apr. 19, 2018, G053299) [nonpub. opn.] (*Perez I*).) The trial court exercised its discretion by declining to strike or dismiss the firearm enhancement in a ruling issued September 28, 2018. Perez's sentence remained 32 years and four months, with a credit of 2,307 days.

On December 27, 2022, the Secretary of the CDCR filed a letter addressed to the trial court, recommending that Perez's sentence be recalled and that he be resentenced under section 1172.1, subdivision (a)(1). The Secretary noted that, effective January 1, 2019, trial courts had discretion to strike prior serious felony convictions for purposes of enhancement under section 667, subdivision (a)(1), or to strike the punishment for the enhancement pursuant to section 1385. Based on the Secretary's review of Perez's offense and his conduct in prison, she recommended that he be resentenced.

Upon receiving the CDCR Secretary's letter, the trial court appointed counsel for Perez and set a status conference. Perez's counsel filed

3

a motion in support of the CDCR Secretary's recommendation, and the resentencing hearing was held. The trial court struck the nickel prior enhancement, reducing Perez's sentence to 27 years, four months. It found the firearm enhancement should still be imposed because Perez used a gun in the crimes.

## DISCUSSION

## I.

### STANDARD OF REVIEW

"""[A] court's discretionary decision to dismiss or to strike a sentencing allegation under section 1385 is" reviewable for abuse of discretion.' (*People v. Carmony* (2004) 33 Cal.4th 367, 373.) 'In reviewing for abuse of discretion, we are guided by two fundamental precepts. First, "[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review." [Citation.] Second, a "'decision will not be reversed merely because reasonable people might disagree. "An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge.""' [Citation.] Taken together, these precepts establish that a trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it.' (*Id.* at pp. 376-377.)" (*People v. Pearson* (2019) 38 Cal.App.5th 112, 116.)

## II.

### WHILE IT DECLINED TO REDUCE PEREZ'S SENTENCE BY MORE THAN FIVE YEARS, THE TRIAL COURT PROPERLY EXERCISED ITS DISCRETION BY CONSIDERING ALL FACTORS REQUIRED FOR RESENTENCING

Perez argues that the trial court failed to follow the Legislature's intent to meaningfully modify sentences where recall and resentencing is recommended under section 1172.1. We find no abuse of discretion.

*A. Section 1172.1 Recall and Resentencing Framework*

Section 1172.1 provides that a trial court "may . . . recall the sentence and commitment previously ordered and resentence" a defendant convicted of a felony, so long as the new sentence is not greater than the initial sentence. (*Id.* at subd. (a)(1).) This proceeding may occur on the courts own motion within given time constraints, or it can occur whenever the CDCR Secretary, or another official enumerated in the statute, recommends the defendant for recall and resentencing. (*Ibid.*)

If the defendant is recommended for recall and resentencing by any of the officials enumerated in the statute, including the CDCR Secretary, there is a presumption "favoring recall and resentencing of the defendant, which may only be overcome if a court finds the defendant currently poses an unreasonable risk of danger to public safety . . ." (§ 1172.1, subd. (b)(2).) The court must notify the defendant, set a status conference within 30 days after receiving the recommendation, and appoint counsel for the defendant. (*Id.* at subd. (b)(1).)

In the process of recalling and resentencing a defendant under section 1172.1, the court "shall apply the sentencing rules of the Judicial Council and apply any changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote

uniformity of sentencing." (§ 1172.1, subd. (a)(2).) The court "may, in the interest of justice . . . [r]educe a defendant's term of imprisonment by modifying the sentence," or "[v]acate the defendant's conviction and impose judgment on any necessarily included lesser offense or lesser related offense . . . and then resentence the defendant to a reduced term of imprisonment." (*Id.* at subds. (a)(3)(A) & (B).)

The court "shall consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated." (§ 1172.1, at subd. (a)(5).) It must also "consider if the defendant has experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence . . ." (*Ibid.*) It must state on the record its reasons for granting or denying recall and resentencing. (*Id.* at subd. (a)(7).)

## B. *Perez's Arguments in the Trial Court*

Perez, through counsel, made a number of suggestions to the court about how his sentence might be modified. First, he invited the court to strike the nickel prior enhancement from his sentence, as the CDCR Secretary had urged, because the Legislature had given courts the power to strike them in the interests of justice under section 1385, subdivision (b)(1). He also invited the court to revisit its decision, after remand from *Perez I*, not to strike or dismiss the firearm enhancement. Finally, Perez asked the court to reconsider whether he should be sentenced as a second strike offender given his mitigating circumstances.

Perez pointed out that CDCR had been allocated funds to investigate and vet candidates for resentencing and he was one of a relative few who had been actively recommended. He showed evidence that his disciplinary record has been positive, with no rule violations since he began

6

his sentence. After the trial court denied resentencing on the firearm enhancement in 2018, Perez said he took it as an opportunity to commit himself to rehabilitation; he renounced his gang membership, and requested to be separated from other gang members for his physical safety. Perez submitted certifications showing he had completed numerous courses and counseling programs in prison, including Victim Awareness, Anger Management, and Anti-Recidivism Coalition Programming.

He has also been active in Grace Fellowship Ministries within the prison, leading worship and serving as a spiritual guide and mentor to many fellow inmates.[2] With good behavior and conduct, Perez has been able to reduce his security classification Level Four (maximum security) to Level One (least restrictive security). Perez's submission included numerous letters of support from not only his friends and relatives, but also from fellow inmates and a correctional officer at the prison where he was housed.

## C. *The Trial Court's Ruling*

The People indicated at the hearing that they were willing to accept striking the nickel prior from Perez's sentence, but that was the only modification they supported. The People commended Perez on his good conduct in prison, but were concerned that he might reoffend given his previous substance abuse issues and questions concerning his support system were he to be released. The prosecutor also focused on Perez's prior history and the "extremely violent" nature of the case.

In its ruling from the bench, the trial court complimented Perez on trying to turn his life around in prison, and on his behavior. But the court

---

[2] Perez's counsel submitted a sample from a sermon Perez had written and delivered to his fellow inmates.

remained "stuck" on "the fact that he committed three carjackings–or four carjackings, three of which involved the use of a firearm, after having a prior in 2005, same type of offense, another robbery, and the prior was found to be true." Given everything it had reviewed, the court still thought it "appropriate to impose the gun allegation, based upon the fact that there was a firearm involved" in the offenses.

Perez was resentenced as follows: On Count One, he received double the midterm sentence of five years for carjacking, plus the ten-year firearm enhancement under section 12022.53, subdivision (b) for a total of 20 years. The court imposed a six-year sentence on Count Two with a firearm enhancement of three years, four months. The Count Two sentence was stayed pursuant to section 654. On Count Three, the court imposed a two-year sentence with a gun enhancement of three years and four months, to run consecutively. On Count Four, it imposed a two-year sentence to run consecutively. The court struck the nickel prior enhancement pursuant to section 1385, which reduced Perez's total term by five years.

*D. The Modification to Perez's Sentence Was Within the Range of Reasonable Options Available to the Trial Court*

Perez argues the trial court did not go far enough. He points to the Legislature's intent in Assembly Bill No. 600 that resentencing under section 1172.1 result in a "meaningful modification," meaning "it will cause some actual change in the person's circumstances, including, but not limited to, immediate release, earlier release, and newly acquired entitlement to review by the Board of Parole Hearings or the advancement of eligibility for a parole hearing." (Assem. Bill No. 600 (2023-2024 Reg. Sess.) § 1, subd. (d).) He argues that a five-year reduction in a 32-year sentence amounts to only a

15 percent reduction, which does not constitute a meaningful modification under the Legislature's definition of the phrase.

Additionally, Perez contends the trial court misunderstood the facts when it said that Perez committed four carjackings, because he was only convicted on one count of carjacking. Count Two was an additional robbery charge related to the carjacking. And Count Two and Three involved robbery at gunpoint, not the theft of cars. Perez also reminds us that he committed these robberies in concert with his co-defendant. The point of his argument being that his offenses were not as egregious as the sentence might reflect.

We take Perez's points on board. Given recent changes to the law of criminal sentencing allowing the trial court more discretion in sentencing, a five-year reduction in a 32-year sentence might seem relatively insignificant to a reasonable person. No one was physically hurt in any of the three crimes that occurred, and they all occurred within a short span of time, during which Perez claims he was addicted to drugs and in search of money to support his habit. And the fact that a firearm was used in the crimes seems to have been given a great deal of weight in comparison to the ample postconviction evidence Perez submitted to show how he has made sustained efforts to change. For our part, we give Perez due credit for his efforts, and we hope they continue.

But ultimately, all he has shown is that reasonable minds can disagree on what the proper outcome should have been. This is insufficient to show an abuse of discretion. The trial court took all of the required factors into account and it did reduce Perez's sentence, even if only by five years. We cannot say that its decision was unreasonable or arbitrary, especially because the judge conducting the resentencing is the same judge who presided over Perez's trial. That judge knows the facts of the case far better than we.

We agree that the trial court did apparently misspeak in saying that Perez was involved in three or four carjackings. In fact, Perez was only charged with one count of carjacking, not more than one. But this point does not establish an abuse of discretion either. In resentencing Perez, the trial court only sentenced him on one count of carjacking, not multiple counts. Even though it may have misstated the number of carjackings involved, it used the proper guidelines in resentencing him as to all counts of which he was convicted.

## III.

### THE TRIAL COURT RECALLED PEREZ'S SENTENCE AND RESENTENCED HIM; THEREFORE, IT WAS NOT REQUIRED UNDER SECTION 1172.1 TO FIND THAT PEREZ POSES A DANGER TO PUBLIC SAFETY

In his opening brief, Perez further argued the trial court erroneously concluded he poses a danger to public safety. We see no evidence of this in the record. As the Attorney General points out in the respondent's brief, the dangerousness element only comes into play where the trial court declines to recall and resentence a defendant after receiving a recommendation from an official enumerated in section 1172.1. Here, the trial court did in fact recall and resentence defendant, and thus, it need not have made any finding about dangerousness.

In his reply brief, Perez acknowledges this, but says the statutory presumption in favor of recall and resentencing reflects the Legislature's intent that the trial court focus on the defendant's current status rather than his criminal history. Perez argues the trial court's focus on his crimes rather than on his rehabilitation was an abuse of discretion in this regard.

As we stated earlier, reasonable minds could disagree on the amount of weight the trial court should or could have placed on Perez's

10

rehabilitation as against the severity of his crimes. But the discretion here lay with the trial court. So long as it duly considered the criteria required under section 1172.1, and the sentence pronounced was not unreasonable or arbitrary, we uphold its judgment.

DISPOSITION

The judgment after resentencing is affirmed.

MOORE, ACTING P. J.

WE CONCUR:


MOTOIKE, J.


DELANEY, J.

11