Filed 2/13/25  P. v. Reddix CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>SCHNIRE SOWN REDDIX,<br><br>     Defendant and Appellant. | B335776<br><br>(Los Angeles County<br>Super. Ct. No. YA081677) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Alan B. Honeycutt, Judge.  Affirmed.

Elana Goldstein, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Jason Tran and Kristen J. Inberg, Deputy Attorneys General, for Plaintiff and Respondent.

———————————

# INTRODUCTION

Schnire Sown Reddix, who was convicted of attempted murder and armed assault in 2012, appeals the superior court's order resentencing him under Penal Code section 1172.75.[1]  The superior court struck Reddix's two enhancements under section 667.5, subdivision (b), for prior prison terms, which reduced his sentence by two years.  The court also reimposed the middle term of seven years for Reddix's base offense of attempted murder.

Reddix also asked the superior court to exercise its discretion under section 1385 to strike or reduce his sentence enhancement of 25 years to life for use of a firearm (§ 12022.53, subd. (d)).  Reddix presented evidence of his postconviction rehabilitation and demonstrated a mitigating circumstance under section 1385 because the firearm enhancement resulted in a sentence of over 20 years.  (See § 1385, subd. (c)(2)(C).)  The court considered these factors, but it declined to strike Reddix's firearm enhancement because it determined the serious circumstances of the crime were such that "the furtherance of justice" did not support striking the enhancement.  (§ 1385, subd. (c)(1).)

Although reasonable minds could differ given the evidence of Reddix's postconviction rehabilitation, we cannot say the superior court's resentencing was irrational or arbitrary, and accordingly we affirm.

---

[1]     All undesignated statutory references are to the Penal Code.

2

## FACTUAL AND PROCEDURAL BACKGROUND

A.    *Reddix's Conviction and Sentence*

On July 4, 2011, Reddix threatened his ex-girlfriend Teena Hines with a gun as she returned to her car after a party.[2] Reddix discovered she had been messaging a friend, Rashid Green, and said, "I'm going to call him, and you ask him for money." Hines did as Reddix told her to do. Reddix forced Hines, at gunpoint, to drive to pick up the money from Green. At the meetup, Hines had just collected the money from Green when Reddix emerged from Hines's car saying, "Is that all you got?" Reddix shot Green in the shoulder, knocking him to the ground. Reddix continued to "'play[] with the gun,' as if it were jammed," and Green was able to escape. Reddix told Hines to drive away, continuing to threaten her, but she escaped from him later that evening.

In 2012, Reddix was charged with attempted premeditated murder (§§ 664, 187, subd. (a); Count 1); attempted second degree robbery (§§ 664, 211; Count 2); and assault with a semiautomatic firearm (§ 245, subd. (b); Count 3). As to Count 1, the information alleged Reddix personally and intentionally discharged a firearm, causing great bodily injury (§ 12022.53, subds. (b)-(d)). As to all counts, the information alleged Reddix personally inflicted great bodily injury on Green (§ 12022.7, subd. (a)) and that Reddix had served two prior prison terms (§ 667.5, subd. (b)).

---

[2]    We recount the facts of the offense, as relevant, from this court's unpublished opinion in Reddix's direct appeal. (See *People v. Reddix* (May 12, 2014), B244917 [nonpub. opn.].)

A jury acquitted Reddix on Count 2 but convicted on Counts 1 and 3, finding all special circumstance allegations on Counts 1 and 3 true.  The jury also found the attempted murder was not committed with premeditation.

At sentencing on October 25, 2012, the trial court imposed a total prison term of 34 years to life:  a middle term of seven years on Count 1, plus 25 years to life for the section 12022.53 firearm enhancement, and two years for the section 667.5 prior prison term enhancements.  The sentence on Count 3 and the section 12022.7 enhancement were stayed pursuant to section 654.

This Court affirmed the judgment on direct appeal.  (See *People v. Reddix* (May 12, 2014), B244917 [nonpub. opn.].)

B.    *Reddix's Section 1172.75 Petition*

In 2023, Reddix moved for resentencing under section 1172.75.  Reddix alleged that his section 667.5 prior prison term enhancements were no longer valid under Senate Bill No. 483, and the California Department of Corrections and Rehabilitation (CDCR) had notified the court he was eligible for resentencing.  Reddix argued the court should strike his two section 667.5 enhancements and conduct a full resentencing.

As part of full resentencing, Reddix requested the court strike his section 12022.53 firearm enhancement in the interest of justice under section 1385, subdivision (c).  He argued that under section 1385, the court was required to afford "great weight" to the mitigating fact that his firearm enhancement "result[ed] in a sentence of over 20 years."  (See § 1385, subd. (c)(2)(C).)  Reddix asked the court to strike his section 12022.53, subdivision (d), enhancement of 25 years to life

4

and instead impose a 20-year enhancement under section 12022.53, subdivision (c).

In support of his resentencing request, Reddix cited his "exemplary" record of rehabilitation while incarcerated. Attached to Reddix's petition were commendations from three correctional officers, attesting to Reddix's "transformation" and describing him as "respectful," a "leader," "a model inmate," "mature, well spoken, and stable." The letters described Reddix's absence of disciplinary violations and his participation in programs like "criminal gangs anonymous, life skills, physical health and wellness, mental health and wellness, and education to get his GED." Reddix included a fourth letter from a therapeutic group nurse, explaining Reddix had "exceptional" attendance in mental health group therapy and he "is trying to become a better person with life coping skills that will help him to reintegrate [in]to society."

The trial court held a resentencing hearing on November 15, 2023, and stated it reviewed Reddix's motion and his evidence of mitigation, among other sentencing evidence. Reddix's appointed counsel argued that, in addition to striking the section 667.5 enhancements, the court should resentence Reddix with a 20-year firearm enhancement (§ 12022.53, subd. (c)) or, in the alternative, "completely strike" the firearm enhancement. Counsel noted that, if the court did not strike the firearm enhancement, it must determine that Reddix "would endanger public safety," despite the evidence of Reddix's rehabilitation. The People argued the court should reimpose the original 25-years-to-life enhancement under section 12022.53, subdivision (d), based on "the facts of the case" and Reddix's escalating "criminal history at the time of the trial."

The court struck the two one-year section 667.5 enhancements but declined to otherwise modify Reddix's sentence, resulting in a total sentence of 32 years to life. The court ruled that it would not exercise its discretion under section 1385, subdivision (c), to strike the section 12022.53 firearm enhancement, reasoning as follows:

> "[R]arely do I see someone who is in a position like Mr. Reddix where he has letters from the correctional officers talking about how well he's been doing. . . . I recognize that he has really changed and turned his life around while he's been incarcerated.

> "The court is also aware of the underl[y]ing facts of this case. . . . [Reddix] imprisoned or kidnapped someone or forced that person to secrete him in their car, to drive him to a location, and he sprung out from the car overtaking the victim by surprise and shooting the victim. He attempted to shoot the victim a second time, and the gun jammed. . . .

> "I'm certain that Mr. Reddix is not the same person that he was then. I'm well aware of all my discretion. I've re-read 1385, 1385(c), the enhancements. And really the enhancement sections talk about multiple enhancements as opposed to a single enhancement. . . .

> "Mr. Reddix should be recognized for what he has done, and I'm sure for the positive things that he will

continue to do. He has served a substantial period of time. . . .

"But I also recognize that he laid in wait; that he was trying to murder this person, and the jury found that to be true. And I think but for the gun jamming, the victim would have been killed."

The court "reincorporat[ed] all of the findings . . . that occurred at the original date of sentencing" and ruled, "I find those same factors in aggravation; the same factors in mitigation."

Reddix timely appealed.

## DISCUSSION

Reddix argues the resentencing court erred by declining to strike or reduce his section 12022.53 firearm enhancement.

A.    *Governing Law and Standard of Review*

At the time of Reddix's original sentencing in 2012, "section 667.5, subdivision (b), required that trial courts 'impose a one-year term for each prior separate prison term or county jail term' that the defendant had served, unless the defendant had remained free of custody for at least five years. [Citations.] Effective January 1, 2020, Senate Bill No. 136 (2019-2020 Reg. Sess.) amended section 667.5, subdivision (b) to limit the one-year prison prior enhancement to only prison terms served for convictions of sexually violent offenses." (*People v. Christianson* (2023) 97 Cal.App.5th 300, 309 (*Christianson*), review granted

7

Feb. 21, 2024, S283189; accord, *People v. Carter* (2023)
97 Cal.App.5th 960, 966.)

Through Senate Bill No. 483 (effective Jan. 1, 2022), the Legislature extended retroactive relief to defendants previously sentenced to the section 667.5, subdivision (b), enhancement. (See *People v. Kimble* (2024) 99 Cal.App.5th 746, 751, review granted Apr. 24, 2024, S284259.) Senate Bill No. 483 "added section 1171.1, later renumbered as section 1172.75, to the Penal Code, which provides [in subsection (a)]: 'Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violence offense . . . is legally invalid.'" (*Kimble,* at p. 751; accord, *People v. Monroe* (2022) 85 Cal.App.5th 393, 399.)

Section 1172.75 authorizes resentencing for defendants sentenced with section 667.5, subdivision (b), enhancements. Once CDCR identifies a defendant whose sentence includes such an enhancement, "[t]he trial court then reviews the judgment and, if it determines the judgment includes [a section 667.5] enhancement . . . , 'the court shall recall the sentence and resentence the defendant.'" (*People v. Santos* (2024) 100 Cal.App.5th 666, 672 (*Santos*), review granted May 29, 2024, S284341; accord, *Christianson*, *supra*, 97 Cal.App.5th at p. 310.)

In addition to striking the invalid prior prison term enhancements, section 1172.75 requires a "full resentencing," applying "the sentencing rules of the Judicial Council and . . . any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2); see *People v. Green* (2024) 104 Cal.App.5th 365, 373; accord, *People v.*

*Garcia* (2024) 101 Cal.App.5th 848, 855 (*Garcia*).)
Section 1172.75 further provides that a resentencing court "may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." (§ 1172.75, subd. (d)(3); accord, *People v. Dowdy* (2024) 107 Cal.App.5th 1, 7; *Garcia*, at p. 856.)

Effective 2018, the Legislature amended the law with respect to the section 12022.53 firearm enhancement, granting sentencing courts new discretion to dismiss or strike a section 12022.53 enhancement "'in the interest of justice pursuant to Section 1385.'"[3] (*People v. McDavid* (2024) 15 Cal.5th 1015, 1024 (*McDavid*); see § 12022.53, subd. (h).) This discretion expressly "applies to any resentencing that may occur pursuant to any other law." (§ 12022.53, subd. (h); see *People v. Pillsbury* (2021) 69 Cal.App.5th 776, 786.)

Section 1385, in turn, provides that "[n]otwithstanding any other law, the [sentencing] court shall dismiss an enhancement if it is in the furtherance of justice to do so." (§ 1385, subd. (c)(1);

---

[3] A court that chooses to strike a section 12022.53, subdivision (d), firearm enhancement retains discretion to "impose a lesser uncharged statutory enhancement," including enhancements under section 12022.53, subdivisions (b) or (c) (*People v. Tirado* (2022) 12 Cal.5th 688, 692), or any other lesser included enhancement "supported by facts that have been alleged and found true" (*McDavid, supra*, 15 Cal.5th at p. 1030).

accord, *People v. Mendoza* (2023) 88 Cal.App.5th 287, 295 (*Mendoza*).) "In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the [enumerated] mitigating circumstances," including (as relevant here) that "[t]he application of an enhancement could result in a sentence of over 20 years. In this instance, the enhancement shall be dismissed." (§ 1385, subds. (c)(2), (c)(2)(C).) "Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety. 'Endanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others." (§ 1385, subd. (c)(2).)

Interpreting these provisions, the California Supreme Court recently explained that even "absent a finding that dismissal would endanger public safety, a court retains the discretion to impose or dismiss enhancements provided that it assigns significant value to the enumerated mitigating circumstances when they are present. [Citation.] In other words, if the court does not find that dismissal would endanger public safety, the presence of an enumerated mitigating circumstance will generally result in the dismissal of an enhancement unless the sentencing court finds substantial, credible evidence of countervailing factors that 'may nonetheless neutralize even the great weight of the mitigating circumstance, such that dismissal of the enhancement is not in furtherance of justice.'" (*People v. Walker* (2024) 16 Cal.5th 1024, 1029 (*Walker*).) "[N]otwithstanding the presence of a mitigating circumstance, trial courts retain their discretion to impose an enhancement

10

based on the circumstances 'long deemed essential to the "furtherance of justice" inquiry,'" including circumstances in aggravation and in mitigation under the California Rules of Court, rules 4.421 and 4.423.[4]  (*Id.* at p. 1033.)

"In general, we review for abuse of discretion the trial court's decision not to strike a sentence enhancement under section 1385, subdivision (a).  (*Mendoza, supra*, 88 Cal.App.5th at p. 298; accord, *People v. Gonzalez* (2024) 103 Cal.App.5th 215, 225.)  "A trial court may abuse its discretion where 'its decision is so irrational or arbitrary that no reasonable person could agree with it,' 'where the trial court was not "aware of its discretion"' to dismiss a sentencing [enhancement] under section 1385, or 'where the court considered impermissible factors in declining to dismiss.'"  (*Nazir v. Superior Court* (2022) 79 Cal.App.5th 478, 490.)

"'In reviewing for abuse of discretion, we are guided by two fundamental precepts.  First, "[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary.  [Citation.]  In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review."  [Citation.]  Second, a "'decision will not be reversed merely because reasonable people might disagree.  "An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge."'"'"

---

[4]  Further rule references are to the California Rules of Court.

11

(*People v. Pearson* (2019) 38 Cal.App.5th 112, 116 (*Pearson*), quoting *People v. Carmony* (2004) 33 Cal.4th 367, 376-377.)

B.    *Reddix Does Not Demonstrate the Superior Court Abused Its Discretion by Reimposing the Section 12022.53, Subdivision (d), Firearm Enhancement*

Reddix argues the court abused its discretion under section 1385 by failing to "afford great weight to the numerous postconviction mitigating circumstances and instead only focus[ing] on the underlying offense."  He also contends the court did not make an "explicit finding" of danger to public safety or "provide any rationale for how dismissal of the enhancement . . . would endanger public safety."

We conclude the superior court's decision not to strike the section 12022.53 firearm enhancement was within the bounds of its discretion and Reddix has not demonstrated the court's determination was arbitrary or irrational.  First, in declining to strike the enhancement, the trial court was not required to make any finding that dismissal would endanger public safety.  As the California Supreme Court explained, when a defendant invokes one or more mitigating circumstances under section 1385, subdivision (c), there is no "rebuttable presumption in favor of dismissal that can only be overcome by a finding that dismissal endangers public safety."  (*Walker*, *supra*, 16 Cal.5th at p. 1033.)  Instead, the court must afford "great weight" to a mitigating circumstance when assessing whether dismissal of a sentencing enhancement furthers the interest of justice.  (*Id.* at p. 1036.)

The record indicates the resentencing court exercised its discretion accordingly.  The court stated it considered Reddix's motion for resentencing, which argued the court should strike the

section 12022.53 enhancement based on the mitigating circumstance of a sentence over 20 years.  The court further stated it understood the scope of its discretion to strike the enhancement and addressed whether doing so would further the interest of justice.  In assessing the interest of justice, the court was entitled to consider aggravating factors particular to Reddix and the circumstances of the crime, including that Reddix used a weapon (rule 4.421(a)(2)), caused great bodily harm (rule 4.421(a)(1)), engaged in violent conduct indicating serious danger to society (rule 4.421(b)(1)), and had prior convictions of increasing seriousness (rule 4.421(b)(2)).  (See *Walker*, *supra*, 16 Cal.5th at p. 1033; *Garcia*, *supra*, 101 Cal.App.5th at pp. 857-858; *Pearson*, *supra*, 38 Cal.App.5th at p. 117.)

After weighing the aggravating and mitigating factors under section 1385, subdivision (c), the court concluded that dismissing Reddix's section 12022.53 enhancement would not be in the furtherance of justice.  This determination was not an abuse of discretion.  (See *People v. Ortiz* (2023) 87 Cal.App.5th 1087, 1099 [resentencing court did not abuse its discretion in declining to strike enhancement by "assess[ing] the claimed mitigating factors and, finding one such factor, acknowledg[ing] its great weight but determin[ing] that other factors were collectively weightier"]; *Pearson*, *supra*, 38 Cal.App.5th at p. 117 [same, where resentencing court declined to strike firearm enhancement based on aggravating factors: defendant's use of gun, his violent conduct, and great bodily harm to victim].)

Reddix contends the court misunderstood its discretion because it stated that in section 1385, subdivision (c), "the enhancement sections talk about multiple enhancements as opposed to a single enhancement."  He contends that this

13

statement reveals the court did not assign "great weight" to the mitigating circumstance that his section 12022.53 enhancement "result[ed] in a sentence of over 20 years." (§ 1385, subd. (c)(2)(C).) But it appears the court was referring to a different mitigating circumstance in subsection (c)(2)(B)—when "'[m]ultiple enhancements are alleged in a single case . . . all enhancements beyond a single enhancement shall be dismissed.'" Reddix concedes that this mitigating circumstance was also relevant to his resentencing, since multiple enhancements were imposed at his original sentencing. In this context, the court's comment did not indicate that it misunderstood its discretion.

Finally, Reddix argues that the court failed to give his postconviction evidence of rehabilitation "great weight." At section 1172.75 resentencings, the court is authorized to consider postconviction factors such as rehabilitation and positive disciplinary record. (See § 1172.75, subdivision (d)(3) [court "may consider postconviction factors"].) But, unlike the "great weight" afforded to the mitigating factors in section 1385, subdivision (c), section 1172.75 does not require a court to assign postconviction factors any particular weight in the resentencing decision. (See *ibid*.)

The record here indicates the court expressly considered and discussed Reddix's postconviction evidence in accordance with section 1172.75, subdivision (d)(3), including the four letters from correctional staff and numerous certificates achieved in leadership training, substance abuse, and counseling programs. Reasonable minds could differ regarding the weight given to the postconviction rehabilitation evidence Reddix presented when balanced against the nature of the underlying offense. Under these circumstances presented, however, the resentencing court

did not abuse its discretion by declining to strike the firearm enhancement under section 12022.53, subdivision (d).

## DISPOSITION

The judgment is affirmed.


MARTINEZ, P. J.

We concur:


FEUER, J.


STONE, J.